**Judge Hellerstein**



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

ANDERSON KILL & OLICK, P.C.,      :
                                  :
                        Plaintiff, :
                                  :      08 CV _____
        v.                        :
                                  :
BRAY & GILLESPIE, INC.; BRAY &    :      NOTICE OF REMOVAL
GILLESPIE MANAGEMENT, LLC; CHARLES :     (Removed from Supreme Court of
A. BRAY and JOSEPH GILLESPIE,     :      New York, County of New York)
                                  :
                        Defendants. :

---

Defendants Bray & Gillespie, Inc.; Bray & Gillespie Management, LLC; Charles

A. Bray; and Joseph Gillespie (collectively "Defendants" or "Bray & Gillespie") hereby remove

this case to this Court from the Supreme Court of New York, County of New York. As set forth

below, removal to this Court is warranted under 28 U.S.C. §§ 1332(a)(1), 1441, and 1446

because this is an action over which this Court has original jurisdiction.

### BACKGROUND

1.      On March 31, 2008, plaintiff Anderson Kill & Olick, P.C. ("Plaintiff" or

"Anderson Kill") commenced the action <u>Anderson Kill & Olick, P.C. v. Bray & Gillespie, Inc.,</u>

<u>et al.,</u> Index No. 600938/2008, in the Supreme Court for the State of New York, County of New

York ("State Court Action"). True and correct copies of the Summons and Complaint are

attached as Exhibit A.

2.      On or about April 17 or 18, 2008, Defendants were served with the

Complaint.

3.     As set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441, because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and Defendants have satisfied the procedural requirements for removal.

## DIVERSITY JURISDICTION

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Plaintiff Anderson Kill states in the Complaint that it is a professional corporation headquartered in New York.  Compl. ¶ 2.  Upon information and belief, Anderson Kill is a professional corporation organized under the laws of New York with its principal place of business at 1251 Avenue of the Americas, New York, NY 10020-1182.  Therefore, under 28 U.S.C. § 1332(c)(1), Anderson Kill is a citizen of New York for purposes of determining diversity jurisdiction.

6.     Defendant Bray & Gillespie, Inc. is a corporation organized under the laws of Florida with its principal place of business at 600 North Atlantic Avenue, Daytona Beach, Florida 32118.  Therefore, under 28 U.S.C. § 1332(c)(1), Bray & Gillespie, Inc. is a citizen of Florida for purposes of determining diversity jurisdiction.

7.     Defendant Bray & Gillespie Management, LLC is a limited liability corporation organized under the laws of Florida with a business address of P.O. Box 265400, Daytona, Florida 32126-5400.  The members of Bray & Gillespie Management, LLC are two individuals, Charles A. Bray and Joseph Gillespie, both of whom reside in and are citizens of Florida as set forth in paragraphs 8 and 9 below.  Therefore, Bray & Gillespie Management, LLC is a citizen of Florida for purposes of determining diversity jurisdiction.

8.      Defendant Charles A. Bray resides in Volusia County, Florida and is a citizen of Florida for purposes of determining diversity jurisdiction.  Mr. Bray has a business address of 600 North Atlantic Avenue, Daytona Beach, Florida 32118.

9.      Defendant Joseph Gillespie resides in Volusia County, Florida and is a citizen of Florida for purposes of determining diversity jurisdiction.  Mr. Gillespie has a business address of 600 North Atlantic Avenue, Daytona Beach, Florida 32118.

10.     Anderson Kill seeks to maintain claims for breach of contract, fraud, declaratory judgment, quantum meruit, and account stated.  The thrust of Anderson Kill's allegations is that Defendants owe it over $1,500,000 in unpaid legal fees and disbursements.  Compl. ¶ 25.

11.     Anderson Kill seeks to recover actual damages in an amount exceeding $1,500,000, as well as unspecified compensatory, exemplary, and punitive damages.  Compl. ¶¶ 33, 44.

12.     It is therefore apparent on the face of the Complaint that Anderson Kill seeks at least $1,500,000, and thus the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

14.     The United States District Court for the Southern District of New York is the federal judicial district and division embracing the location of the Supreme Court of the State of New York, County of New York, the court in which this action was originally filed.  28 U.S.C. § 112(b).  Venue is therefore proper in this district pursuant to 28 U.S.C. § 1441(a).

15.    Defendants are filing this Notice of Removal within 30 days after receipt of the initial pleading, through service or otherwise, and within one year of the commencement of this action, as required by 28 U.S.C. § 1446(b).  Accordingly, removal of this action is timely. No previous application for removal has been made.

16.    The only process, pleadings, or orders served upon Defendants in the State Court Action are the Summons and Complaint, which, pursuant to 28 U.S.C. § 1446(a), are attached as Exhibit A.  Defendants are not aware of any other records or proceedings in the State Court Action.

17.    Pursuant to 28 U.S.C. § 1446(d), Defendants have served a copy of this Notice of Removal on Anderson Kill's counsel.  Defendants will promptly file a Notice of Filing of Notice of Removal with the clerk of the Supreme Court of New York, County of New York, a copy of which is attached as Exhibit B.

WHEREFORE, notice is hereby given that this action is removed from the Supreme Court of New York, County of New York to the United States District Court for the Southern District of New York, without waiver of any defenses, procedural or substantive.

Dated: New York, New York
May 16, 2008

OF COUNSEL:

M. Duncan Grant
Andrea Toy Ohta
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Kenneth J. King (KK 3567)
Suzanne M. D'Amico (SD 3581)
PEPPER HAMILTON LLP
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY  10018-1405
(212) 808-2700

Attorneys for Defendants Bray & Gillespie, Inc.; Bray & Gillespie Management, LLC; Charles A. Bray; and Joseph Gillespie

## CERTIFICATE OF SERVICE

I, Suzanne M. D'Amico, hereby certify that on May 16, 2008, I caused a true and correct copy of the foregoing Notice of Removal to be mailed via First Class Mail on the following counsel:

> Jeffrey E. Glen, Esquire
> Anderson Kill & Olick, P.C.
> 1251 Avenue of the Americas
> New York, NY 10020

Attorney for Plaintiff Anderson Kill & Olick, P.C.

Suzanne M. D'Amico (SD 3581)

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ANDERSON KILL & OLICK, P.C.,

Plaintiff,

- against -

CHARLES A. BRAY; JOSEPH
GILLESPIE; BRAY & GILLESPIE, INC.;
and BRAY & GILLESPIE MANAGEMENT,
LLC,

Defendants.

Index No. 600938/2008

---

## COMPLAINT

---

NEW YORK
COUNTY CLERK'S OFFICE

MAR 3 1 2008

NOT COMPARED
WITH COPY FILE

JEFFREY E. GLEN, ESQ.
1251 Avenue of the Americas
New York, NY  10020
Telephone: 212-278-1000
Facsimile: 212-278-1733


Attorney for Plaintiff
ANDERSON KILL & OLICK, P.C.

March 31, 2008

---

Jeffrey E. Glen

**ANDERSON KILL & OLICK, P.C.**

*Attorney(s) for Plaintiff*

1251 AVENUE OF THE AMERICAS
NEW YORK, NY  10020
212-278-1000

---

To

Service of a copy of the within is hereby admitted.

Dated: _____ 20 ___


Attorney(s) for Plaintiff

_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 600938/2008
Date purchased 3-31-08

---

ANDERSON KILL & OLICK, P.C.,

Plaintiff,

- against -

BRAY & GILLESPIE, INC.; BRAY & GILLESPIE
MANAGEMENT, LLC; CHARLES A. BRAY and
JOSEPH GILLESPIE,

Defendants.

Plaintiff(s) designate(s)

New York County as the place of trial.

The basis of the venue is
Plaintiff's Residence

# Summons

Plaintiff(s) reside(s) at

1251 Avenue of the Americas, New York,
NY 10020

County of:  New York

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your
answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within  20 days after the service of this summons, exclusive of the day of service (or within 30 days
after the service is complete if this summons is not personally delivered to you within the State of New York);
and in case of your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated,
March 31, 2008

Attorney(s) for Plaintiff

Anderson Kill & Olick, P.C.
1251 Avenue of the Americas, 42nd Floor
New York, New York 10020

By:

Jeffrey E. Glen, Esq.

NEW YORK
COUNTY CLERK'S OFFICE

MAR 3 1 2008

NOT COMPARED
WITH COPY FILE

NYDOCS1-889092.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANDERSON KILL & OLICK, P.C.,

                              Plaintiff,

        - against -

BRAY & GILLESPIE, INC.; BRAY &
GILLESPIE MANAGEMENT, LLC;
CHARLES A. BRAY and JOSEPH
GILLESPIE,

                              Defendants.

Index No. 600938/2008

---

## COMPLAINT

---

JEFFREY E. GLEN, ESQ.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000
Facsimile: 212-278-1733


Attorney for Plaintiff
ANDERSON KILL & OLICK, P.C.

March 31, 2008

NYDOCS1-889042.2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANDERSON KILL & OLICK, P.C.,

Plaintiff,

- against -

BRAY & GILLESPIE, INC.; BRAY &
GILLESPIE MANAGEMENT, LLC;
CHARLES A. BRAY and JOSEPH
GILLESPIE,

Defendants.

---

## COMPLAINT

1.      This is an action for non-payment of legal fees, fraud, declaratory judgment, quantum meruit and account stated.

### THE PARTIES

2.      Anderson Kill & Olick, P.C. ("AKO") is a law firm with its headquarters at 1251 Avenue of the Americas, New York, New York 10020.

3.      Upon information and belief, Defendant BRAY & GILLESPIE, INC. is a Florida Profit Corporation with a principal address of 600 North Atlantic Avenue, Daytona Beach, FL 3211.

4.      Upon information and belief, Defendant BRAY & GILLESPIE MANAGEMENT, LLC is a Florida Limited Liability Company with a principal address of P.O. Box 265400, Daytona Beach, FL 32126-5400.

5.      For the purposes of this Complaint, Defendants BRAY & GILLESPIE, INC. and BRAY & GILLESPIE MANAGEMENT, LLC are collectively referred to as "B&G".

6.      Upon information and belief, Defendant CHARLES A. BRAY ("Bray") maintains a residence in Volusia County, Florida.

7.      Upon information and belief, Defendant JOSEPH GILLESPIE ("Gillespie") maintains a residence in Volusia County, Florida.

8.      Defendant Bray regularly conducts business in the City of New York, and various aspects of his conduct alleged herein took place in New York City, and/or caused damage to AKO in New York City.

9.      Defendant Gillespie regularly conducts business in the City of New York, and various aspects of his conduct alleged herein took place in New York City, and/or caused damage to AKO in New York City.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action under CPLR 302(a).

11.     Venue is proper under CPLR 503(a) because plaintiff resides in this county.

## FACTUAL BACKGROUND

12.     This lawsuit concerns the non-payment of legal fees and fraudulent conduct of the Defendants in connection with AKO's representation of B&G and entities owned or controlled by the Defendants (1) in at least six separate litigations against various parties, wherein Defendants were both plaintiffs and defendants, arising out losses resulting from several hurricanes, as well as (2) other legal work for the benefit of Defendants.

21.    Throughout the pendency of the various actions, AKO kept Defendants fully informed of the incurred and anticipated fees and disbursements by providing detailed monthly invoices and through numerous telephone conversations and emails.

22.    Prior to March 2008, Defendants initially made fairly regular payments. In 2007, these payments became irregular and partial. During the period that AKO represented B&G and its related entities, the amount owed to AKO grew to over $1,500,000. AKO promptly sent its invoices on a regular basis to the contact within B&G as was directed by B&G. Upon information and belief, during this period, the Defendants reviewed every invoice that was presented to them. In certain instances, minor modifications to the invoice were requested by the Defendants and agreed to by AKO. Never did Defendants assert that they would not pay AKO until the week of March 23, 2008.

23.    In September, 2007, Defendants Bray and Gillespie, through their corporate personnel, on behalf of the B&G entities, requested that certain amounts due to AKO from Defendants be deferred until February 28, 2008, which would get them past the "slow season" for their businesses. AKO, as a courtesy, agreed to defer payment of $300,000 (the "deferred amount") from September 2007 to February 28, 2008.

24.    Upon information and belief, the Defendants had no intention of paying AKO the deferred amount or made any significant payment on any AKO invoice after November – December 2007.

25.    Defendants owe AKO in excess of $1,500,000 dollars in unpaid fees and disbursements.

26.    Defendants refuse to pay AKO the amount owed.

27.    Defendants assert that they will not pay AKO the amounts due because they supposedly intend to re-review the AKO invoices and the work provided by AKO, despite the fact that at all relevant times Defendants employed in-house counsel and other corporate personnel who closely monitored AKO's work on a daily basis and reviewed and approved AKO's invoices.

28.    Defendants terminated AKO's services on March 28, 2008

## COUNT I – BREACH OF CONTRACT

29.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 278 as if fully set forth herein.

30.    Defendants retained AKO to represent them in the various litigations, potential litigations and other matters.

31.    A valid and enforceable contract exists between the parties requiring the Defendants to pay AKO's fees and disbursements.

32.    Defendants have failed and refused to pay AKO as required under the contract between the parties, and thereby breached the contract.

33.    By reason of Defendants' breach, AKO has suffered damages in an amount exceeding $1,500,000.

## COUNT II – FRAUD

34.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 as if fully set forth herein.

35.    AKO agreed to defer payment of the deferred amount from September 2007 to February 28, 2008, at which time B&G promised that such amount would be paid in full.

36.    AKO agreed to continue representation of the Defendants despite the unpaid amounts due it and thereafter only because of the representation by Defendants that all amounts due to and incurred by AKO in representing the B&G entities would be paid promptly.

37.    AKO relied upon the representations by B&G that Defendants would pay in full the amounts due when AKO agreed to defer payment and continue representing the B&G entities after September 2007.

38.    As a result, AKO was fraudulently induced to incur fees and costs which have not been paid and which, upon information and belief, Defendants never had any intention of paying.

39.    The Defendants agreed to pay AKO promptly in full based on monthly invoices.

40.    AKO agreed to represent Defendants in reliance upon Defendants' promises to pay AKO on a monthly basis.

41.    The Defendants knowingly and intentionally induced AKO to represent and continue to represent them, and when confronted by AKO with non-payment, to continue to represent Defendants and to not seek to withdraw from that representation, based upon the false representation that they would pay all amounts past due and all future amounts incurred as provided for under their agreement. Contrary to those false representations, Defendants never had any intention of honoring that commitment.

42.    Defendants' intent to defraud AKO is clear from both their pattern and practice of conduct with respect to lawyers they have employed, and from their admissions with respect to their refusal to pay AKO.

(a)    Prior to AKO's retention by Defendants, another law firm had been retained to represent Defendants in certain of the actions at issue. Upon information and belief, Defendants refused to pay that law firm in a timely manner based upon an excuse that the firm allegedly had performed poorly, and forced that firm to withdraw from those cases. Likewise, upon information and belief, in early 2008 Defendants refused to pay their own in-house General Counsel and Chief Operating Officer (former General Counsel) and accused them of poor performance, which forced both of them to leave their employment. Defendants' retention of AKO and the subsequent improper refusal to pay for the services provided and expenses incurred based upon the excuse that AKO's billings were excessive and/or that its services were inadequate is a continuation of Defendants' pattern and practice of retaining legal counsel under false pretenses and then refusing to pay for valuable services provided.

(b) Upon information and belief, in September, 2007, Defendants Bray and Gillespie decided not to pay AKO's invoices and instructed B&G's in-house counsel to request an extension of time, under the pretext that the deferred payment would be made. However, in a telephone conversation in late March, 2008 with AKO attorneys in New York, Defendant Gillespie, and in a telephone conversation on March 28, 2008 with AKO attorneys in New York, Defendant Bray, both admitted that they had not yet decided whether, and to what extent, they would pay the amounts owed to AKO. Thus, at the time AKO was asked to accept late payment, Defendants had no intention of honoring their commitment.

43.    AKO relied upon Defendants' agreements to pay AKO when it agreed to represent and continue to represent Defendants in the various litigations and

to incur substantial fees and disbursements on Defendants' behalf which have not been paid.

44.     Defendants' conduct constitutes fraud, for which AKO is entitled to recover actual, compensatory, exemplary and punitive damages.

<u>COUNT III – DECLARATORY JUDGMENT</u>

45.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 44 as if fully set forth herein.

46.     Upon information and belief, and at all relevant times, the B&G entities were separately and collectively the alter ego of Defendants Charles A. Bray and Joseph Gillespie.

47.     Upon information and belief:

(a)     At all relevant times B&G and its related entities were devoid of corporate and other organizational formalities.

(b)     At all relevant times the B&G entities were inadequately capitalized.

(c)     At all relevant times the B&G entities' funds and revenues were used for Bray's and Gillespie's personal purposes rather than corporate purposes.

(d)     At all relevant times Bray and Gillespie made all of the corporate and organizational decisions for the B&G entities, which had no independent corporate or organizational discretion.

48.     Upon information and belief, Bray and/or Gillespie have as needed paid the B&G entities' debts and liabilities.

49.     Bray and Gillespie are liable for the B&G entities' debt to AKO because B&G and each of its related entities is an alter ego of Bray and Gillespie, and are in reality the all same enterprise.

50.    Accordingly, plaintiff is entitled to a declaration that each of the Defendants is jointly and severally liable for the actual, compensatory, exemplary and punitive damages, and attorneys' fees, costs and other relief sought by the plaintiff in this lawsuit.

## COUNT IV – QUANTUM MERUIT

51.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 50 as if fully set forth herein.

52.    The Defendants authorized the services provided by AKO in order to protect their own interests.

53.    The Defendants, including Bray and Gillespie, individually, specifically authorized AKO's work, and understood that AKO expected to be paid for those services.

54.    The reasonable value of the unpaid work performed by AKO for the Defendants is more than $1,500,000.

55.    By refusing to pay AKO the amounts Defendants owe to AKO, the Defendants have been unjustly enriched.

56.    Accordingly, Defendants are each jointly and severally liable to AKO for the amount of unpaid fees and disbursements incurred by AKO in providing representation for the various litigations and other matters.

## COUNT V – ACCOUNT STATED

57.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 56 as if fully set forth herein.

58.    The performance of legal services and expenses incurred by AKO created a debtor-creditor relationship with the Defendants, whereby AKO was the creditor and the Defendants were the debtors.

59.    During the course of its representation of the Defendants, AKO sent monthly invoices to the Defendants indicating the amounts due AKO for services rendered and expenses incurred.  The last such invoice covered fees and expenses incurred through February 2008.

60.    Upon information and belief, the Defendants examined the invoices sent by AKO.

61.    The invoices sent by AKO that remain unpaid exceed $1,500,000.

62.    At no time prior to late March 2008 did the Defendants object to the amounts indicated in the monthly invoices for which payment remains outstanding.

63.    Simultaneously with its request that AKO defer payment of the deferred amounts, the Defendants expressly indicated that they would make payment of the outstanding amounts due AKO.

64.    The Defendants did not contest any invoices received from AKO before or after such deferment until late March 2008.

65.    The actions by AKO and the Defendants created an account stated for the unpaid amounts invoiced by AKO to the Defendants.

66.    Accordingly, Defendants are each jointly and severally liable to AKO for the amount of unpaid fees and disbursements incurred by AKO in providing representation for the various litigations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Anderson Kill & Olick, P.C. respectfully requests this Honorable Court to enter an Order granting an award and judgment in favor of the plaintiff and against Defendants in an amount to be determined at trial, together with pre- and post-judgment interest, attorneys' fees, costs, and such other and further relief as is just and proper.

Date: March 31, 2008

ANDERSON KILL & OLICK, P.C.

By: _____

JEFFREY E. GLEN, ESQ.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000
Facsimile: 212-278-1733

Attorney for Plaintiff
Anderson Kill & Olick, P.C.

**Exhibit B**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

ANDERSON KILL & OLICK, P.C.,    :

               Plaintiff,   :

v.             :       INDEX NO.: 600938/2008

BRAY & GILLESPIE, INC.; BRAY &    :
GILLESPIE MANAGEMENT, LLC; CHARLES   :
A. BRAY and JOSEPH GILLESPIE,     :

           Defendants.   :

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Southern District of New York ("District Court") by the filing of the Notice of Removal with the Clerk of the District Court on May 16, 2008, which is attached as Exhibit A. A copy of this Notice of Filing of Notice of Removal is on file with the District Court. The Supreme Court of the State of New York, County of New York may proceed no further unless or until this case is remanded.

Dated: New York, New York
May 16, 2008

                         Kenneth J. King (KK 3567)
                         Suzanne M. D'Amico (SD 3581)
                         PEPPER HAMILTON LLP
                         The New York Times Building
                         620 Eighth Avenue, 37th Floor
                         New York, NY  10018-1405
                         (212) 808-2700

                         Attorneys for Defendants Bray & Gillespie, Inc.; Bray & Gillespie Management, LLC; Charles A. Bray; and Joseph Gillespie

#9582879 v2

## CERTIFICATE OF SERVICE

I, Suzanne M. D'Amico, hereby certify that on May 16, 2008, I caused a true and correct copy of the foregoing Notice of Filing of Notice of Removal to be mailed via First Class Mail on the following counsel:

Jeffrey E. Glen, Esquire
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

Attorney for Plaintiff Anderson Kill & Olick, P.C.

Suzanne M. D'Amico (SD 3581)

#9582879 v2