**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

ANDERSON KILL & OLICK, P.C.,

          Plaintiff,

          v.

BRAY & GILLESPIE, INC.; BRAY & GILLESPIE
MANAGEMENT, LLC; CHARLES A. BRAY and
JOSEPH GILLESPIE,

          Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:08-cv-4565 (AKH) (RLE)

**Electronically Filed**


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS CLAIMS PURSUANT TO RULES 9(B) AND 12(B)(6)**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ........................................................................................................... 1

    I.      Anderson Kill's Claims Must be Dismissed Under Rule 12(b)(6). ....................... 1

    II.    The Fraud Claim, Count II, Must be Dismissed Because the Complaint
         Fails to Plead Fraud with Particularity or Provide Factual Allegations
         Sufficient to State a Claim. ................................................................................ 3

    III.   The Declaratory Judgment Claim Must be Dismissed Because the Plaintiff
         Has Not Alleged That Bray & Gillespie, Inc. or Bray & Gillespie
         Management, LLC Were Formed or Used to Perpetuate a Fraud. ....................... 8

    IV.   The Account Stated Claim, Count V, Must Be Dismissed Because the
         Complaint Fails to Allege That the Parties Agreed That an Amount was
         Correct and Due. ................................................................................................ 12

    V.    The Breach of Contract, *Quantum Meruit*, and Account Stated Claims
         Must be Dismissed Against Bray & Gillespie, Inc. and Messrs. Bray and
         Gillespie Because Those Defendants Were Not Parties to the Alleged
         Contract at Issue, Nor Did They Receive Any Benefit from Anderson Kill. ....... 14

CONCLUSION ......................................................................................................... 19

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendants have moved to dismiss the fraud, declaratory judgment, and account stated claims set forth in the Plaintiff's Complaint against all Defendants.[1]  Defendants have also moved under Rule 12(b)(6) to dismiss the breach of contract, *quantum meruit*, and account stated claims against Charles A. Bray and Joseph Gillespie (collectively, "Messrs. Bray and Gillespie") and Bray & Gillespie, Inc.  As set forth below, the Plaintiff, Anderson Kill & Olick, P.C. ("Anderson Kill") has failed to adequately plead these claims by not providing the Court with any plausible theory of liability regarding those claims and defendants.

## ARGUMENT

I.    Anderson Kill's Claims Must be Dismissed Under Rule 12(b)(6).

Anderson Kill's Complaint does not adequately plead facts to support its claims of fraud, declaratory judgment, and account stated, nor does it adequately plead the claims for breach of contract, *quantum meruit*, and account stated claims against Messrs. Bray and Gillespie and Bray & Gillespie, Inc.[2]  To avoid dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  ATSI

---

[1] The facts relevant to this Notice of Motion and Memorandum of Law are set forth at length in Defendants' Notice of Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the alternative, Motion to Transfer Venue to the Middle District of Florida, and accompanying Affidavits and Memorandum of Law in Support, and will not be repeated here.

[2] It is not clear from the Complaint whether Anderson Kill is pleading Count IV, the *quantum meruit* claim, as an alternative to Count I, the breach of contract claim.  A plaintiff may not ordinarily recover on both claims.  See Ocean Commc'ns, Inc. v. Bubeck, 956 So. 2d 1222, 1225 (Fla. Dist. Ct. App. 2007) ("a plaintiff cannot pursue an equitable theory, such as unjust enrichment or quantum meruit, to prove entitlement to relief if an express contract exists."); Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 (2d Cir. 2005) ("New York law does not permit recovery in quantum meruit, however, if the parties have a valid, enforceable contract that governs the same subject matter as the quantum meruit claim").

Comm'cns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). The "touchstone" of adequate pleading under Rule 12(b)(6) is "plausibility" – the Complaint and other materials before the Court must state "more than mere speculation or suspicion that a plaintiff is entitled to the requested relief" and instead must "nudge [a plaintiff's] claims across the line from conceivable to plausible." In re Take-Two Interactive Sec. Litig., No. 06 CV. 803, 2008 WL 1757823, at *6 (S.D.N.Y. Apr. 16, 2008) (citing Twombly, 127 S. Ct. at 1965, 1974); see also Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). Anderson Kill has failed to allege facts that plausibly support its claims for fraud, declaratory judgment, and account stated, and it has also failed to allege facts that would support holding Messrs. Bray and Gillespie and Bray & Gillespie, Inc. liable for the claims of breach of contract, *quantum meruit*, and account stated.

As the United States Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1959. Anderson Kill's Complaint does just what Twombly prohibits—after formulaic recitations of several causes of action, the Complaint makes various conclusory allegations regarding the Defendants' actions and motivations. Anderson Kill has failed to provide any meaningful support for its allegations, instead offering the Court a Complaint that relies on Anderson Kill's mere suspicions. Such patent speculation cannot form the basis of a federal complaint, and Defendants respectfully request that the Court dismiss the fraud, declaratory judgment, and account stated claims against all defendants, and the breach of contract, *quantum meruit*, and account stated claims against Messrs. Bray and Gillespie and Bray & Gillespie, Inc.

II.     The Fraud Claim, Count II, Must be Dismissed Because the Complaint Fails to Plead
        Fraud with Particularity or Provide Factual Allegations Sufficient to State a Claim.

            Based solely on the factually deficient allegations of Anderson Kill's Complaint,

it is difficult to determine who made the allegedly "fraudulent" statements and why the alleged

statements were fraudulent.  The claim for fraud set forth in Count II must be dismissed as a

matter of law as it fails to give Defendants sufficient information to defend themselves.  Federal

Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake."  Under this strict pleading

standard, a claim for fraud must contain allegations that: "(1) specify the statements that the

plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the

statements were made, and (4) explain why the statements were fraudulent.'"  Fierro v. Gallucci,

No. 06-CV-5189, 2008 WL 2039545, at *3 (E.D.N.Y. May 12, 2008) (citing Shields v. Citytrust

Bankcorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)); accord Knoll v. Schectman, No. 06-1832-

CV, 2008 WL 1868440, at *1 (2d Cir. Apr. 25, 2008); Mills v. Polar Molecular Corp., 12 F.3d

1170, 1175 (2d Cir. 1993); Oh v. Imagemark, Inc., No. 06 Civ. 10187, 2007 WL 2962381, at *3

(S.D.N.Y. Oct. 10, 2007); S.E.C. v. Lyon, 529 F. Supp. 2d 444, 449 (S.D.N.Y. 2008).  When an

allegation of any element of fraud is "conclusory and unsupported by any factual assertion," the

claim must be dismissed.   Abbatiello v. Monsanto Co., 522 F. Supp. 2d 524, 534 n.3 (S.D.N.Y.

2007) (citing Twombly); see also ATSI Comm'ns, 493 F.3d at 99.

            Anderson Kill has failed to meet these requirements, instead providing vague and

conclusory allegations of fraud, as follows:

            "Never did Defendants assert that they would not pay AKO until
            the week of March 23, 2008."  (Compl. ¶ 22.)

            "In September 2007, Defendants Bray and Gillespie, through their
            corporate personnel, on behalf of the B&G entities, requested that

certain amounts due to AKO from Defendants be deferred until February 28, 2008 . . . ." (Compl. ¶ 23.)

"Upon information and belief, the Defendants had no intention of paying AKO the deferred amount or made [*sic*] any significant payment on any AKO invoice after November – December 2007." (Compl. ¶ 24.)

"Defendants assert that they will not pay AKO the amounts due because they supposedly intend to re-review the AKO invoices and the work provided by AKO . . . ." (Compl. ¶ 27.)

"AKO agreed to defer payment of the deferred amount from September 2007 to February 28, 2008, at which time B&G promised that such amount would be paid in full." (Compl. ¶ 35.)

"The Defendants agreed to pay AKO promptly in full based on monthly invoices." (Compl. ¶ 39.)

"Upon information and belief, in September, 2007, Defendants Bray and Gillespie decided not to pay AKO's invoices and instructed B&G's in-house counsel to request an extension of time, under the pretext that the deferred payment would be made." (Compl. ¶ 42(b).)

These allegations, among their many defects, fail to identify who made the allegedly fraudulent statements. Rule 9(b) "is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'" Mills, 12 F.3d at 1175. The Complaint thus improperly engages in "group pleading" by attempting to attribute statements to all Defendants, without alleging which defendant made which statement. See Diversified Const. of WNY, Inc. v. Sheds USA, Inc., No. 04-CV-0739E, 2005 WL 1263151, at *2 n.11 (W.D.N.Y. May 26, 2005) (dismissing complaint that failed to allege specific defendant who made allegedly fraudulent statement); see also Luce v. Edelstein, 802 F.2d 49, 54 (2d Cir. 1986) (particularity requirement is not met where complaint attributes alleged statements to "defendants"); Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. De-con Mech. Contractors, 896 F. Supp. 342, 347 (S.D.N.Y. 1995) (a complaint must "connect the allegations of fraud to *each individual*

*defendant* . . . [and] may not rely on sweeping references to acts by all or some of the defendants because each named defendant is entitled to be apprised of the facts surrounding the alleged fraud.") (emphasis added).  Because the Complaint is unclear as to who made what statements, it is impermissibly vague and fails to inform each named defendant as to his or its alleged role in the fraud.  Without the required specificity, defendants are unable to defend themselves against the fraud claim, and it must be dismissed.

The fraud claim must also be dismissed because the Complaint does not "explain why the statements were fraudulent," instead alleging that "*Upon information and belief*, in September, 2007, Defendants Bray and Gillespie decided not to pay AKO's invoices and instructed B&G's in-house counsel to request an extension of time, under the pretext that the deferred payment would be made." (Compl. ¶ 42(b) (emphasis added).)  Allegations of fraud cannot be based on "information and belief" except in those "matters peculiarly within the opposing party's knowledge." Luce, 802 F.2d at 54.  If that is the case, then "the allegations must be accompanied by a statement of the facts upon which the belief is founded." Id.  However, Anderson Kill declines to provide facts that might support its "belief," instead alleging that "[u]pon information and belief, the Defendants had no intention of paying AKO the deferred amount or made [*sic*] any significant payment on any AKO invoice after November – December 2007." (Compl. ¶¶ 24, 42(b).)  Anderson Kill's references to an alleged scheme by Defendants not to pay its legal counsel is directly contradicted by Anderson Kill's admission that Defendants did, in fact, pay their legal bills for a period of time, and does not constitute a statement of "facts" upon which Anderson Kill's belief is founded.

Anderson Kill fails to provide any other basis for the crucial element of fraudulent intent – there are simply no alleged facts that support the allegation that the statements made

prior to March 2008 were fraudulent when made.  A defendant's "fraudulent intent cannot be inferred solely from their subsequent failure to perform on the contract[;] . . . [t]he mere non-performance of promises is insufficient to create an inference of fraudulent intent." Enzo Biochem, Inc. v. Johnson & Johnson, No. 87 Civ. 6125, 1992 WL 309613, at *11-12 (S.D.N.Y. Oct. 15, 1992) (citing Carlucci v. Owens-Corning Fiberglass Corp., 646 F. Supp. 1486, 1491 (E.D.N.Y. 1986)).  Anderson Kill has alleged nothing more than that, at best, Defendants made promises to perform under a contract, which they later arguably failed to keep.  There are no facts which support Anderson Kill's contention that Defendants intentionally committed fraud. The law is clear that the conclusory allegations of fraud in this Complaint, without more, are insufficient to state a claim for fraud.

        Furthermore, under both Florida and New York law, Anderson Kill fails to state a claim for fraud because it alleges that a valid contract exists between the parties.  Parties to a contract have already allocated the risk of default through the terms of the contract; "[a] party to a contract who attempts to circumvent the contractual agreement by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than he originally made." Topp, Inc. v. Uniden Am. Corp., 513 F. Supp. 2d 1345, 1348 (S.D. Fla. 2007) (citing Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004)).  To prevent such behavior, the "economic loss rule" "bars a tort action where a defendant has not committed a breach of duty apart from a breach of contract," including any tort action to "recover purely economic damages from a breach of contract absent personal injury or property damages." New Lenox Indus., Inc. v. Fenton, 510 F. Supp. 2d 893, 906-07 (M.D. Fla. 2007); see also Eclipse Med., Inc. v. Hydro-Surgical Instruments, Inc., 262 F. Supp. 2d 1334, 1354 (S.D. Fla. 1999), aff'd, 235 F.3d 1344 (11th Cir. 2000).  Florida decisions thus specifically bar Anderson Kill's

fraud claim. Where a party alleges misrepresentations related to performance under a contract, the economic loss rule prohibits a claim for negligent misrepresentation "because, absent a tort independent of breach of contract, the remedy for economic loss lies in contract law." Vesta Constr. & Design, L.L.C. v. Lotspeich & Assocs., Inc., 974 So. 2d 1176, 1181-82 (Fla. Dist. Ct. App. 2008) (quoting Straub Capital Corp. v. L. Frank Chopin, P.A., 724 So. 2d 577, 579 (Fla. Dist. Ct. App. 1999).

New York also recognizes the economic loss rule. See Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 16 (2d Cir. 2000) (economic loss rule is applied "to prevent the recovery of damages that are inappropriate because they actually lie in the nature of breach of contract as opposed to tort."); see also Orlando v. Novurania of Am., Inc., 162 F. Supp. 2d 220, 225-26 (S.D.N.Y. 2001) (holding that a fraudulent inducement claim was precluded under the economic loss rule where the plaintiff was "attempting solely to recover for the alleged loss of the benefit of his bargain"). Therefore, the alleged fraudulent statements and behavior, made long after the parties' alleged contract was executed and after both parties had substantially performed, are inadequate to support a claim for fraud.

The Complaint's allegations of fraud fail to move beyond mere conclusory allegations, and Anderson Kill does not even bother to offer a rational or reasoned basis for its bare contention that Defendants intentionally made fraudulent statements. The Complaint alleges that a valid contract exists between the parties. Anderson Kill, improperly seeking damages beyond its contractual rights and remedies, may not proceed with a fraud claim when it has not pled the factual allegations required to support it.

III.    The Declaratory Judgment Claim Must be Dismissed Because the Plaintiff Has Not
        Alleged That Bray & Gillespie, Inc. or Bray & Gillespie Management, LLC Were
        Formed or Used to Perpetuate a Fraud.

        Further seeking to reach beyond its contractual remedies, Anderson Kill asserts a

declaratory judgment claim attempting to pierce Bray & Gillespie, Inc. and Bray & Gillespie

Management, LLC's (collectively "Bray & Gillespie Entities") corporate veils.  Under both

Florida and New York law, Anderson Kill has failed to allege the facts necessary to state such a

claim.  Florida law should apply to this claim, as "[t]he law of the state of incorporation

determines when the corporate form will be disregarded and liability will be imposed on

shareholders."  Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993); JSC

Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 386 F. Supp. 2d 461,

464 n.1 (S.D.N.Y. 2005); Select Portfolio Servicing, Inc. v. Evaluation Solutions, L.L.C., No.

3:06-cv-582-J-33, 2006 WL 2691784, at *9 (M.D. Fla. Sept. 20, 2006) (citing Chatlos Found,

Inc. v. D'Arata, 882 So. 2d 1021, 1023 (Fla. Dist. Ct. App. 2004); Hood Bros. Partners, L.P. v.

USCO Distrib. Servs., 140 F.3d 1386, 1388 n.1 (11th Cir. 1998); Belize Telecom Ltd. v. Belize,

No. 05-20470-CIV, 2005 WL 5643879, 2005 U.S. Dist. LEXIS 18586, at *55 (S.D. Fla. Aug.

16, 2005)).  Defendant Bray & Gillespie, Inc. is a corporation organized under the laws of

Florida with its principal place of business in Daytona Beach, Florida.  Defendant Bray &

Gillespie Management, LLC is a limited liability corporation organized under the laws of Florida

with a business address in Daytona Beach, Florida.  Although the result is the same under both

New York and Florida Law, Florida law should apply to this issue.

        Courts are reluctant to pierce the corporate veil.  In re Energy Smart, Inc., 381

B.R. 359, 379 (Bankr. M.D. Fla. 2007).  In discussing whether to pierce the veil of a Florida

corporation, the Second Circuit has outlined the law of both New York and Florida:

> To pierce the veil in New York, a plaintiff must show "(i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997). To pierce the corporate veil under Florida law, a plaintiff must show that the corporation is a mere instrumentality or *alter ego* of the defendant and that the defendant engaged in "improper conduct." Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1320 (11th Cir. 1998) (citing Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114, 1117-21 (Fla. 1984)).

Network Enter., Inc. v. APBA Offshore Prods., Inc., No. 06-5094-cv, 2008 WL 376297, *3 (2d Cir. Feb. 11, 2008) (summary order) (not reaching question whether conflict of law existed because veil piercing was not warranted under either standard).

A Florida appellate court recently elaborated on this standard, explaining that a plaintiff seeking to pierce a corporate veil must prove three factors:

> (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. Dist. Ct. App. 2008). Although Anderson Kill alleges that the Bray & Gillespie Entities were the alter egos of Messrs. Bray and Gillespie, "[t]he mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally." Hilton Oil Transp. v. Oil Transp. Co., S.A., 659 So. 2d 1141, 1152 (Fla. Dist. Ct. App. 1995) (citing Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114, 1120 (Fla. 1984)); see also Gasparini, 972 So. 2d at 1055 ("The law is clear that the mere

ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil.").

Instead, a "corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them." Hilton Oil Transp., 659 So. 2d at 1152 (citing Dania, 450 So. 2d at 1120); accord Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1320 (11th Cir. 1998); U-Haul Intern., Inc. v. Jartran, Inc., 793 F.2d 1034, 1043 (9th Cir. 1986) (Florida law "makes clear that a necessary predicate for an alter ego finding is fraudulent or misleading conduct *directed at creditors.*") (emphasis in original). Anderson Kill makes no allegation that the Bray & Gillespie Entities were created for the purpose of working a fraud upon Anderson Kill, nor that the Bray & Gillespie Entities were employed to work a fraud upon Anderson Kill. Instead, Anderson Kill resorts to the conclusory allegation that "B&G and each of its related entities is an alter ego of Bray and Gillespie, and are in reality the all [*sic*] same enterprise," and "[a]ccordingly, plaintiff is entitled to a declaration that each of the Defendants is jointly and severally liable" for the damages alleged. (Compl. ¶¶ 49-50.) However, "[a]bsent proof of intentionally fraudulent conduct, courts simply do not pierce the corporate veil under Florida law." Resolution Trust Corp. v. Latham & Watkins, 909 F. Supp. 923, 931 (S.D.N.Y. 1995).

Anderson Kill's specific allegations regarding the corporate structure of the Bray & Gillespie Entities have been found insufficient to pierce the corporate veil. In Government of Aruba v. Sanchez, 216 F. Supp. 2d 1320, 1362 (S.D. Fla. 2002), the court rejected a party's argument that a corporate veil should be pierced simply because a shareholder "dominated and controlled [the corporation], failed to observe corporate formalities and [the corporation] was not adequately capitalized." Rather, the Sanchez court observed that "a plaintiff seeking to pierce

the corporate veil bears a very heavy burden" and must show that it is an "exceptional case[] where there has been extreme abuse of the corporate form." Id.; see also Resolution Trust Corp., 909 F. Supp. at 932 ("[T]hin capitalization, alone, does not provide a basis for piercing the corporate veil under Florida law; claimant must prove that a shareholder intentionally concealed the corporation's thin capitalization or defrauded or misled investors as to this fact.").

Anderson Kill's Complaint makes similarly insufficient allegations – that the Bray & Gillespie Entities failed to recognize corporate formalities, were inadequately capitalized, allowed Messrs. Bray and Gillespie to use corporate funds, and were dominated by Messrs. Bray and Gillespie. (Compl. ¶¶ 46-49.) Even if these allegations are taken as true, they do not rise to the level of "extreme abuse of the corporate form" required to pierce a corporate veil under Florida law – Anderson Kill does not allege that the Bray & Gillespie Entities were organized or used by Messrs. Bray and Gillespie to mislead creditors or commit a fraud against them. See Moran v. Schurger, 849 So. 2d 1184, 1184 (Fla. App. 3 Dist. 2003).

Even if this claim were examined under New York law, New York does not recognize a separate cause of action for piercing a corporate veil. Carruthers v. Flaum, 365 F. Supp. 2d 448, 474 (S.D.N.Y. 2005) (dismissing cause of action to pierce corporate veil) (citing Fiber Consultants v. Fiber Optek Interconnect Corp., 792 N.Y.S.2d 89 (App. Div. 2005)); H & R Project Assoc., Inc. v. City of Syracuse, 737 N.Y.S.2d 712, 714 (App. Div. 2001); 9 E. 38th St. Assocs., L.P. v. George Feher Assocs., Inc., 640 N.Y.S.2d 520, 521 (App. Div. 1996)). Regardless of the state law applied, the declaratory judgment claim must be dismissed for failing to state a claim as a matter of law.

IV.    The Account Stated Claim, Count V, Must Be Dismissed Because the Complaint Fails to Allege That the Parties Agreed That an Amount was Correct and Due.

   Anderson Kill attempts to plead an "account stated" claim based solely on the assertion that it sent invoices for legal services to Bray & Gillespie, and that Bray & Gillespie allegedly failed to object to those invoices.  The crux of Anderson Kill's "account stated" claim appears to be stated in Paragraphs 62 through 64 of the Complaint.  Anderson Kill alleges that the Defendants did not object to Anderson Kill's monthly invoices prior to March 2008 and indicated that they intended to pay such invoices until March 2008, thus creating an "account stated."  However, the Complaint fails to allege that there was any kind of agreement as to the amount owed.  The only fact that Anderson Kill does allege is that Defendants indicated that they would pay *something*.

   However, "[f]or an account stated to exist there must be an agreement between the parties that a certain balance is correct and due and an express or implied promise to pay this balance. . . . Where there is no such agreement between the parties, there can be no recovery on this theory."  Mercado v. Lion's Enter., Inc., 800 So. 2d 753, 756 (Fla. Dist. Ct. App. 2001) (internal citations omitted); Carpenter Contractors of Am., Inc. v. Fastener Corp. of Am., Inc., 611 So. 2d 564, 565 (Fla. Dist. Ct. App. 1992) (rejecting claim for account stated where "there was no evidence that the parties agreed on any balance due and owing.").  Here, Anderson Kill has not pleaded that there was ever any kind of agreement between the parties that "a certain balance is correct and due"; indeed, Anderson Kill acknowledges that "Defendants assert that they will not pay AKO the amounts due because they supposedly intend to re-review the AKO invoices and the work provided by AKO." (Compl. ¶ 27.)  The allegations that Defendants may have "examined the invoices sent by AKO" and "did not contest any invoices" prior to March 2008, (Compl. ¶¶ 60, 64.), are meaningless without the central element of an "account stated"

claim—that the parties came to an agreement as to the amount due and the correctness of that amount.

Although some courts have found that an "implicit promise" to pay the balance may result in an account stated to pay that balance if the parties engaged in "periodic billing," a "party's failure to object, standing alone, is not always proof of liability on the part of the defendant." In re Gulf N. Transp., Inc., 340 B.R. 111, 123-24 (Bankr. M.D. Fla. 2006). New York law similarly holds that the "essential element of an account stated is an agreement regarding the amount of the balance due." Sisters of Charity Hosp. of Buffalo v. Riley, 661 N.Y.S.2d 352, 358-59 (App. Div. 1997) (citations omitted; denying claim for account stated where plaintiffs' alleged statements differed in amount; "plaintiff failed to establish that the parties agreed on the balance due"); Erdman Anthony & Assoc. v. Barkstrom, 747 N.Y.S.2d 670, 671 (App. Div. 2002) (denying summary judgment where defendant established that account was the subject of repeated oral disputes); Marcus Borg Rosenberg & Diamond v. Gilbert, Segall & Young, 670 N.Y.S.2d 73, 74 (App. Div. 1998) (same).

Even where a "plaintiff met its initial burden on its motion by submitting . . . [proof] that defendants received and retained plaintiff's invoices without objection within a reasonable time and made partial payments on those invoices . . . oral objections to the purported account stated were sufficient to rebut any inference of an implied agreement to pay the stated amount." Erdman, 747 N.Y.S.2d at 671 (citations omitted). The Erdman court noted that if a plaintiff could prove an enforceable contract, then it could recover based on a breach of contract claim, but that "a claim for an account stated may not be utilized simply as another means to attempt to collect under a disputed contract." Id. at 671-72. Similar to the fraud claim, Anderson Kill has asserted a second claim that actually sounds in contract. Although Defendants

-13-

dispute the validity of the contract, Anderson Kill has alleged that a contract exists, and thus any claims it makes cannot ignore the alleged contract's existence. The dispute between the parties must be decided on the terms of their alleged contract, and Anderson Kill's attempt to inject extraneous and factually unsupported legal claims into these proceedings should not be permitted.

V.   The Breach of Contract, *Quantum Meruit*, and Account Stated Claims Must be Dismissed Against Bray & Gillespie, Inc. and Messrs. Bray and Gillespie Because Those Defendants Were Not Parties to the Alleged Contract at Issue, Nor Did They Receive Any Benefit from Anderson Kill.

Anderson Kill asserts breach of contract, *quantum meruit*, and account stated claims against all Defendants. Although Defendants dispute that there were any valid contracts between Bray & Gillespie Management or any other entity and Anderson Kill, the only possible contract at issue in this case is Anderson Kill's engagement letter for the Lexington insurance coverage dispute. Even assuming that the Lexington engagement letter is a valid contract, it was only signed by Bray & Gillespie Management, LLC. Anderson Kill does not allege that Messrs. Bray and Gillespie and Bray & Gillespie, Inc. were parties to that contract, and "a non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract." Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 216 (S.D.N.Y. 1997) (quoting Crabtree v. Tristar Auto. Group, Inc., 776 F. Supp. 155, 166 (S.D.N.Y. 1991)); see also Blank v. Noumair, 658 N.Y.S.2d 88, 88 (App. Div. 1997); Crabtree, 776 F. Supp. at 166 (dismissing breach of contract claim against individual defendants).

Anderson Kill, as explained above, has failed to adequately plead the facts necessary to pierce the Bray & Gillespie Entities' corporate veils, and therefore Messrs. Bray and Gillespie cannot be held liable for claims against Bray & Gillespie Management, LLC. There

are also no allegations in the Complaint that Messrs. Bray and Gillespie or Bray & Gillespie, Inc.

assumed or was assigned the alleged contract between Bray & Gillespie Management, LLC and

Anderson Kill.  It is insufficient for Anderson Kill to allege that the Bray & Gillespie Entities

share ownership.  See Mellencamp v. Riva Music Ltd., 698 F. Supp. 1154, 1160 (S.D.N.Y. 1988)

(no authority "to support plaintiff's assertion that [ ] defendants may be liable for the breach of a

contract which they are strangers to simply because they share the same director and/or owner as

the other corporate defendants or because they assisted the other corporate defendants in the

'administration of the [contracts at issue].'")

Florida law holds similarly.  See Morgan Stanley DW Inc. v. Halliday, 873 So. 2d

400, 403 (Fla. Dist. Ct. App. 2004) ("Unless a person is a party to a contract, that person may not

sue - or, for that matter, be sued - for breach of that contract where the non-party has received

only an incidental or consequential benefit of the contract.")  Although there may be an

exception to this rule for third party beneficiaries, "[a] non-party is the specifically intended

beneficiary only if the contract clearly express an intent to primarily and directly benefit the third

party or a class of persons to which that party belongs." Id. (emphasis added) (citing Aetna Cas.

& Sur. Co. v. Jelac Corp., 505 So. 2d 37 (Fla. Dist. Ct. App. 1987); Sec. Mut. Cas. Ins. Co. v.

Pacura, 402 So. 2d 1266 (Fla. Dist. Ct. App. 1981)); Int'l City Bank & Trust Co. v. Morgan

Walton Props., Inc., 675 F.2d 666, 669 (11th Cir. 1982) ("In the absence of legal grounds for

disregarding the separate existence of the two corporations, the contract of one is not the contract

of the other.") (interpreting similar Louisiana law).  Anderson Kill has not alleged that anyone

was a third party or intended beneficiary of the alleged contract between Anderson Kill and Bray

& Gillespie Management, LLC.  Therefore, the breach of contract claim must be dismissed as to

Messrs. Bray and Gillespie and Bray & Gillespie, Inc., none of whom were parties to the contract that was allegedly breached.

The Complaint also fails to state claims for *quantum meruit* and account stated against Messrs. Bray and Gillespie and Bray & Gillespie, Inc., who were not parties to the alleged contract and received no benefit under it.  The *quantum meruit* claim against Messrs. Bray and Gillespie and Bray & Gillespie, Inc. must be dismissed as the Complaint does not contain any facts that support its allegation that *all* Defendants were unjustly enriched.  The basic elements of a cause of action sounding in *quantum meruit* are as follows: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." Posely v. Eckerd Corp., 433 F. Supp. 2d 1287, 1314 (S.D. Fla. 2006) (citing Hull & Co., Inc. v. Thomas, 834 So. 2d 904, 907 (Fla. Dist. Ct. App. 2003)); see also Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000) ("To prevail on a claim for unjust enrichment in New York, a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that 'equity and good conscience' require restitution."); Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 (2d Cir. 2005) (under New York law, *quantum meruit* and unjust enrichment are the same cause of action.).

Bray & Gillespie Management, LLC, not Messrs. Bray and Gillespie and Bray & Gillespie, Inc., was the party to the underlying insurance litigation, with the exception of one lawsuit in which, due to an error by Anderson Kill, Bray & Gillespie, Inc. was named as a plaintiff.  Anderson Kill was not representing Messrs. Bray and Gillespie and Bray & Gillespie, Inc. in those actions, and it thus conferred no benefit upon those parties.  As the Complaint

alleges no facts that support Anderson Kill's bare legal conclusion that Messrs. Bray and Gillespie and Bray & Gillespie, Inc. received and accepted any benefits conferred by Anderson Kill, the claim in Count IV for *quantum meruit* against them must be dismissed as a matter of law.

The claim for account stated in Count V of the Complaint against Messrs. Bray and Gillespie and Bray & Gillespie, Inc. fails as well, because the alleged contract was between Anderson Kill and Bray & Gillespie Management, LLC.  A claim for account stated is "an agreement between persons who have had previous transactions, fixing the amount due in respect to such transactions and promising payment." S. Motor Co. of Dade County v. Accountable Constr. Co., 707 So. 2d 909, 912 (Fla. Dist. Ct. App. 1998) (quoting Nants v. F.D.I.C., 864 F. Supp. 1211, 1219 (S.D. Fla. 1994)).  Anderson Kill has not alleged that it had any transactions with Messrs. Bray and Gillespie or Bray & Gillespie, Inc.  Without a prior business relationship between Anderson Kill and Messrs. Bray and Gillespie and Bray & Gillespie, Inc., there is no basis for establishing an account stated claim.  See Westerman v. Polygard, Inc., 395 So. 2d 641, 642 (Fla. Dist. Ct. App. 1981) (reversing summary judgment on account stated claim against individual owner defendants when plaintiff had only done business with corporation, and not individual owners); Grinnell v. Ultimate Realty, LLC, 832 N.Y.S.2d 244, 245 (App. Div. 2007) (no claim for account stated where evidence showed that corporation other than the defendant had "completed an application for credit with the plaintiff, agreed to pay the plaintiff's invoices, and issued a check making partial payment" on an order).  Therefore, the account stated claim must be dismissed as a matter of law against Messrs. Bray and Gillespie and Bray & Gillespie, Inc.

The Complaint fails to state claims for breach of contract, *quantum meruit*, and account stated against Messrs. Bray and Gillespie and Bray & Gillespie, Inc. These claims are premised on the existence and performance of a contract and the receipt of some benefit. Because Messrs. Bray and Gillespie and Bray & Gillespie, Inc. were not parties to the alleged contract with Anderson Kill and received no benefit from Anderson Kill's relationship with Bray & Gillespie Management, LLC, the breach of contract, *quantum meruit*, and account stated claims must be dismissed as to Messrs. Bray and Gillespie and Bray & Gillespie, Inc.

## CONCLUSION

For all of the above reasons, Defendants respectfully request that the Court grant

Defendants' Motion to Dismiss Claims Pursuant to Rules 9(b) and 12(b)(6).

Dated: June 5, 2008
       New York, New York

Respectfully submitted,

*s/Suzanne M. D'Amico*
Kenneth J. King (KK 3567)
Suzanne M. D'Amico (SD 3581)
PEPPER HAMILTON LLP
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY  10018-1405
(212) 808-2700

and

OF COUNSEL:
M. Duncan Grant
Andrea Toy Ohta
Alison Altman Gross
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000
*Attorneys for Defendants Bray & Gillespie,
Inc.; Bray & Gillespie Management, LLC;
Charles A. Bray; and Joseph Gillespie*