**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDERSON KILL & OLICK, P.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:08-cv-4565 (AKH) (RLE) |
| | ) |
| BRAY & GILLESPIE, INC.; BRAY & GILLESPIE | )   **Electronically Filed** |
| MANAGEMENT, LLC; CHARLES A. BRAY and | ) |
| JOSEPH GILLESPIE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## AFFIDAVIT OF SUZANNE M. D'AMICO

I, Suzanne M. D'Amico, hereby declare under penalty of perjury, that the following is true and correct:

1. I am over 18 years of age, and am duly admitted to practice law in the United States District Court for the Southern District of New York.

2. I am an associate with the law firm of Pepper Hamilton LLP, counsel for the defendants, Bray & Gillespie, Inc.; Bray & Gillespie Management, LLC; Charles A. Bray and Joseph Gillespie, in this action.

3. I respectfully submit this Affidavit in support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the alternative, Motion to Transfer Venue to the Middle District of Florida. Defendants have not made any prior application for the requested relief.

4. Attached as Exhibit A is a true and correct copy of the Declaration of Stephen Nalley.

5.      Attached as Exhibit B is a true and correct copy of the Declaration of Charles A. Bray.

6.      Attached as Exhibit C is a true and correct copy of the Declaration of Joseph Gillespie.

7.      Attached as Exhibit D is a true and correct copy of the Lexington Engagement Letter.

8.      Attached as Exhibit E is a true and correct copy of Table C. U.S. District Courts – Civil Cases Commenced, Terminated, and Pending During the 12-Month Periods Ending September 30, 2006 and 2007, available online at:

http://www.uscourts.gov/judbus2007/appendices/C00Sep07.pdf

9.      Attached as Exhibit F is a true and correct copy of Table X-1A. U.S. District Courts – Weighted and Unweighted Filings per Authorized Judgeship During the 12-Month Period Ending September 30, 2007, available online at:

http://www.uscourts.gov/judbus2007/appendices/X01ASep07.pdf

10.     Attached as Exhibit G is a true and correct copy of Table C-5. U.S. District Courts – Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2007, available online at: http://www.uscourts.gov/judbus2007/appendices/C05Sep07.pdf

_Suzanne M. D'Amico_

Sworn to me before this
5th day of June, 2008

Notary Public , State of NY - NY County
No. 02DE6185851
Exp. 4/21/2012

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDERSON KILL & OLICK, P.C., )<br><br>Plaintiff, )<br><br>v. )<br><br>BRAY & GILLESPIE, INC.; BRAY & GILLESPIE )<br>MANAGEMENT, LLC; CHARLES A. BRAY and )<br>JOSEPH GILLESPIE, )<br><br>Defendants. )<br>) | 1:08-cv-4565 (AKH) (RLE)<br><br>**Electronically Filed** |

## DECLARATION OF STEPHEN NALLEY
## IN SUPPORT OF MOTION TO DISMISS,
## <u>OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE</u>

I, Stephen Nalley, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury that the following is true and correct to the best of my knowledge and belief:

1.      I reside in Volusia County, Florida, and work at Bray & Gillespie

Management, LLC d/b/a Ocean Waters Management ("Bray & Gillespie Management") office at

501 North Atlantic Avenue, Daytona Beach, Florida, 32118.

2.      Bray & Gillespie Management is a Florida limited liability company with

a principal place of business in Volusia County, Florida, and is in the business of managing and

marketing hospitality real estate through various Bray & Gillespie Management entities or

partnerships.

3.      I am currently the Senior Vice President of Operations of Bray & Gillespie

Management.

4.      In January 2006, I was hired as the Vice President of Operations of Bray & Gillespie Management and in March 2007, I was promoted to Senior Vice President of Operations.

5.      As the Senior Vice President of Operations I am responsible for all of Bray & Gillespie Management's day-to-day operations and functions, e.g., accounting, maintenance, and asset management, and I report directly to Charles A. Bray ("Mr. Bray"), the Chairman of Bray & Gillespie Management.

6.      Bray & Gillespie Management is owned and managed by two individual members, Mr. Bray and Joseph G. Gillespie ("Mr. Gillespie").

7.      Mr. Bray is the Chairman of Bray & Gillespie Management and has a 60% ownership interest in Bray & Gillespie Management.

8.      Mr. Gillespie is the President of Bray & Gillespie Management and has a 40% ownership interest in Bray & Gillespie Management.

9.      Bray & Gillespie, Inc. is a Florida corporation with a principal place of business in Volusia County, Florida.

10.     Mr. Bray owns approximately 59% of the stock of Bray & Gillespie, Inc.

11.     Mr. Gillespie owns 41% of the stock of Bray & Gillespie, Inc.

12.     Bray & Gillespie, Inc. is the acquisition arm of the business and exists to purchase and sell real estate. Bray & Gillespie, Inc. has no other business function.

13.     After a property has been acquired, Bray & Gillespie, Inc. transfers ownership of the property to a Bray & Gillespie Management entity or partnership.

14.     The Bray & Gillespie Management entity or partnership obtains the financing for the property's acquisition.

#9669597 v2

15.    Bray & Gillespie, Inc. and Bray & Gillespie Management are separate and distinct entities. Neither has an ownership interest in the other.

16.    Bray & Gillespie Management and Bray & Gillespie, Inc. (collectively "Bray & Gillespie Entities") do not directly or indirectly:

      a.    own or rent any property in New York,

      b.    have an office in New York,

      c.    have a mailing address in New York,

      d.    have a telephone listing in New York,

      e.    have an agent that accepts service of process in New York,

      f.    have a New York bank account,

      g.    have employees in New York,

      h.    have a license to conduct business in New York,

      i.    market or advertise any properties in New York, or

      j.    conduct or solicit any business in New York.

17.    The Bray & Gillespie Entities do not consent to the jurisdiction of the New York courts.

18.    Although Bray & Gillespie Management's legal department and General Counsel and Chief Legal Officer do not report to me, I often attend discussions or meetings at which Bray & Gillespie Management's legal matters are discussed or Bray & Gillespie Management's legal department provides updates to Mr. Bray or other members of the Executive Committee.

19.    From April 2006 through early March 2008, Harold W. Lueken ("Mr. Lueken") was Bray & Gillespie Management's General Counsel and Chief Legal Officer.

#9669597 v2

20.     In or around May 2006, I participated in the decision to retain Anderson Kill & Olick, P.C. ("Anderson Kill") in connection with Bray & Gillespie Management's insurance coverage disputes with its insurers, and a related construction dispute with a remediation and disaster clean-up company selected by one of the insurers.

21.     These disputes arose from hurricane-related property losses sustained in 2004 and 2005.

22.     Prior to May 2006, Bray & Gillespie Management, Bray & Gillespie Management entities and partnerships, and Bray & Gillespie, Inc. did not have a relationship with Anderson Kill.

23.     In his capacity as General Counsel, Mr. Lueken recommended that Bray & Gillespie Management retain Anderson Kill.

24.     Mr. Lueken represented to me that John N. Ellison ("Mr. Ellison"), a shareholder in Anderson Kill's Philadelphia, Pennsylvania office, was a seasoned attorney specializing in insurance coverage litigation on behalf of policyholders and had the necessary expertise to effectively handle these disputes.

25.     Mr. Lueken also represented that an attorney in Anderson Kill's New York office, Michael J. Lane ("Mr. Lane"), would be involved but would take a secondary role and handle some of the more administrative tasks such as billing.

26.     Mr. Lueken represented that he did not know Mr. Lane.

27.     Other than Mr. Ellison and Mr. Lane, neither Anderson Kill nor Mr. Lueken specifically identified any other attorney that would work on this matter.

#9660597 v2

28.    Mr. Bray, Mr. Gillespie, and I reviewed Mr. Ellison's resume and decided to retain Anderson Kill because of Mr. Ellison's extensive experience and proven track record and based on our understanding that Mr. Ellison would handle and take the lead on the matters.

29.    It was irrelevant whether Anderson Kill had a New York office and I did not direct Mr. Lueken to retain counsel with a New York office.

30.    If I had known that Mr. Lane, and not Mr. Ellison, was going to take the lead on the matters, I would not have agreed to retain Anderson Kill.

31.    It was my understanding that Anderson Kill attorneys would travel to Florida to handle these Florida-based disputes and would litigate the matters in Florida courts.

32.    Bray & Gillespie, Inc. had no role in and had no control over Bray & Gillespie Management's decision to retain Anderson Kill.

33.    I have recently learned that Anderson Kill's retention for the Lexington insurance coverage dispute was memorialized in an alleged May 30, 2006 engagement letter ("Lexington Engagement Letter"). A true and correct copy of that letter is attached as Exhibit D.

34.    Mr. Lueken was not authorized to execute the Lexington Engagement Letter on behalf of Bray & Gillespie Management or any other entity.

35.    I am not aware of any other Anderson Kill engagement letter or fee agreement.

36.    For each of the approximately five matters, Bray & Gillespie Management was the named insured under the relevant insurance policy, except for the Surfside litigation pending in the Middle District of Florida, which has Bray & Gillespie IX, LLC as the named insured.

37.    For each of the matters, Bray & Gillespie Management and/or Bray & Gillespie Management entities or partnerships were named as parties to the litigation.

38.    Except for one action in Louisiana federal court, all of the litigation is pending in Florida courts.

39.    In one of the actions, Bray & Gillespie, Inc. was incorrectly named as a plaintiff. This case was captioned as Bray & Gillespie, Inc., et al. v. Citizens Property Insurance Corporation, et al., Case No. 2007 30913 CICI, Circuit Court for Volusia County, Florida. But Anderson Kill improperly drafted the Complaint because Bray & Gillespie, Inc. was not an insured under the Citizens Property Insurance Corporation policy that formed the basis for this insurance coverage dispute.

40.    After Bray & Gillespie Management retained Anderson Kill, I learned that Mr. Lueken and Mr. Lane were close friends and classmates at Fordham University School of Law.

41.    In February 2008, Mr. Ellison left Anderson Kill and joined Reed Smith LLP ("Reed Smith"), another law firm, as a partner in its Philadelphia office.

42.    At around this time, I learned for the first time that Mr. Lane and Mr. Lueken had acted to minimize Mr. Ellison's involvement and role in the matters and wrest control over the matters from Mr. Ellison. Mr. Lueken was not authorized to do this.

43.    At around this same time, Mr. Lueken revealed for the first time that Anderson Kill's unpaid invoices totaled approximately $700,000.

44.    The next month, in early March 2008, Mr. Lueken resigned as Bray & Gillespie Management's General Counsel. Mr. Lueken has threatened to sue for wrongful termination.

#9669597 v2

45.     After Mr. Lueken resigned, on or around March 11, 2008, I learned that Mr. Lane had provided legal advice to Mr. Lueken while representing Bray & Gillespie Management, including recommending that his compensation be tied to insurance proceeds recovered in connection with the insurance disputes handled by Anderson Kill.

46.     Less than a week after Mr. Lueken resigned, Anderson Kill forwarded a copy of all of its invoices to Mr. Bray.  The unpaid invoices totaled over $1.5 million.

47.     Soon after Mr. Lueken resigned, Bray & Gillespie Management began to gear up for trial in Florida in an action captioned as Belfor USA Group, Inc. v. Bray & Gillespie Management, LLC, et al., Case No. 2005 31217 CICI , Circuit Court for Volusia County, Florida ("Belfor case").

48.     Bray & Gillespie Management learned that contrary to Mr. Lueken's prior updates, many of the necessary pre-trial tasks for the Belfor case had not been completed.  For example, although the trial was scheduled for April 2008, Anderson Kill had not deposed key witnesses, secured key expert witnesses and had not drafted trial briefs, exhibit lists, witness lists, or any motions in limine.

49.     Bray & Gillespie Management also learned that Mr. Lueken had exceeded the scope of his authority by unilaterally making key, strategic decisions regarding the Belfor case without seeking Mr. Bray's prior approval, such as stipulating to a waiver of all damages claims.

50.     At the end of March 2008, Bray & Gillespie Management terminated Anderson Kill as its outside counsel.

51.     Mr. Ellison, now at Reed Smith, continues to represent Bray & Gillespie Management in the various insurance coverage matters.

52.     Approximately three days after being terminated, Anderson Kill filed this action in New York State court.

53.     In March 2008, Bray & Gillespie Management retained an outside accountant to review all of Anderson Kill's invoices.

54.     It is my understanding that some of Anderson Kill's legal services were performed by Anderson Kill attorneys based outside of New York.

55.     In addition to me, the following current or former Bray & Gillespie Management employees are likely to have knowledge and information relevant to this action:

| | | |
|---|---|---|
| a. | Charles A. Bray: | Mr. Bray, who lives and works in Volusia County, Florida, is the Chairman of Bray & Gillespie Management. Mr. Bray has knowledge and information regarding the underlying insurance coverage disputes, the decision to hire Anderson Kill, the reasons for hiring Anderson Kill, the circumstances surrounding Mr. Lueken's departure, the decision to terminate Anderson Kill, and the unpaid Anderson Kill invoices. |
| b. | Joseph Gillespie: | Mr. Gillespie, who lives and works in Volusia County, Florida, is the President of Bray & Gillespie Management. Mr. Gillespie has knowledge and information regarding the underlying insurance coverage disputes, the decision to hire Anderson Kill, the reasons for hiring Anderson Kill, the decision to terminate Anderson Kill, and the unpaid Anderson Kill invoices. |
| c. | Harold W. Lueken: | Mr. Lueken, who lives in Volusia County, Florida, is the former General Counsel for Bray & Gillespie Management. Mr. Lueken has knowledge and information regarding the underlying insurance coverage disputes, the decision to hire Anderson Kill, the reasons for hiring Anderson Kill, the Anderson Kill engagement letter for the |

Lexington dispute, his relationship with Mr. Lane, Mr. Lane's role in the representation, Mr. Ellison's role in the representation, the legal services performed by Anderson Kill, the circumstances surrounding his departure, and the Anderson Kill invoices.

56.     The following current or former outside counsel to Bray & Gillespie

Management are likely to have knowledge and information relevant to this action:

a.    Michael J. Lane:        Mr. Lane, who works in New York, New York, is a shareholder in Anderson Kill's New York office and former outside counsel to Bray & Gillespie Management. Mr. Lane has knowledge and information regarding the underlying insurance coverage disputes, the hiring of Anderson Kill, the Anderson Kill engagement letter for the Lexington dispute, his relationship with Mr. Lueken, his role in the representation, Mr. Ellison's role in the representation, the legal services performed by Anderson Kill, the retention of Boies, Schiller & Flexner LLP ("Boies Schiller") to assist with the Belfor case, the Anderson Kill invoices, and the circumstances surrounding Anderson Kill's termination.

b.    John N. Ellison:        Mr. Ellison, who works in Philadelphia, Pennsylvania, is a partner in Reed Smith's Philadelphia office, a former shareholder in Anderson Kill's Philadelphia office, and current outside counsel to Bray & Gillespie Management. Mr. Ellison has knowledge and information regarding the underlying insurance coverage disputes, the hiring of Anderson Kill, his role in the representation, Mr. Lane's role in the representation, the legal services performed by Anderson Kill, the circumstances surrounding Anderson Kill's termination, and the current status of the insurance litigation.

c.    Karen C. Dyer:    Ms. Dyer, who works in Orlando, Florida, is a partner in Boies, Schiller, & Flexner LLP's Orlando office and current outside counsel to Bray & Gillespie Management on several matters, including some of the underlying insurance coverage matters. Ms. Dyer has information about the underlying insurance coverage disputes, Mr. Lane's unauthorized decision to enlist Boies Schiller to assist with the <u>Lexington</u> case, Mr. Lane's role in the representation, and the work performed by Boies Schiller.

_____
STEPHEN NALLEY

Executed on June 5, 2008
Volusia County, Florida

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDERSON KILL & OLICK, P.C., | ) |
| Plaintiff, | ) |
| v. | ) 1:08-cv-4565 (AKH) (RLE) |
| BRAY & GILLESPIE, INC.; BRAY & GILLESPIE MANAGEMENT, LLC; CHARLES A. BRAY and JOSEPH GILLESPIE, | ) **Electronically Filed** |
| Defendants. | ) |

**DECLARATION OF CHARLES A. BRAY**
**IN SUPPORT OF MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

I, Charles A. Bray, pursuant to 28 U.S.C § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.      I reside in Volusia County, Florida, and work at Bray & Gillespie Management, LLC d/b/a Ocean Waters Management, Inc.'s ("Bray & Gillespie Management") principal corporate office at 600 North Atlantic Avenue, Daytona Beach, Florida, 32118.

2.      Bray & Gillespie Management is a Florida limited liability company with a principal place of business in Volusia County, Florida, and is in the business of managing and marketing hospitality real estate through various Bray & Gillespie Management entities or partnerships.

3.      I am currently the Chairman of Bray & Gillespie Management.

4.      As the Chairman of Bray & Gillespie Management I have primary responsibility for all aspects of managing and operating the company's real estate properties,

which include numerous hotels and resorts.  Except for one Louisiana property, all of the properties are located in Volusia County, Florida.

5.     Joseph G. Gillespie ("Mr. Gillespie") and I own and manage Bray & Gillespie Management.

6.     I have a 60% ownership interest in Bray & Gillespie Management.

7.     Bray & Gillespie, Inc. is a Florida corporation with a principal place of business in Volusia County, Florida.

8.     I have a 59% ownership interest in Bray & Gillespie, Inc.

9.     I do not have a residence in New York.

10.    I do not own or rent any property in New York.

11.    I do not have an office in New York.

12.    I do not have a mailing address in New York.

13.    I do not have a telephone listing in New York.

14.    I do not have an agent that accepts service of process in New York.

15.    I do not have a New York bank account.

16.    I am not employed in New York.

17.    I do not conduct any business in New York.

18.    Although I have not done so in recent years, in the past I have traveled to New York to secure financing for the properties that Bray & Gillespie, Inc. acquired and that Bray & Gillespie Management entities or partnerships later owned.

19.    I do not consent to the jurisdiction of the New York courts.

20.    I was not served with the Summons or Complaint in this action in New York.

21.    Bray & Gillespie Management's legal department, and General Counsel and Chief Legal Officer report directly to me and I often attend discussions or meetings at which Bray & Gillespie Management's legal matters are discussed or Bray & Gillespie Management's legal department provides updates.

22.    In the Spring of 2006, Harold W. Lueken ("Mr. Lueken") was Bray & Gillespie Management's General Counsel and Chief Legal Officer.

23.    Mr. Lueken was not authorized to make significant, legal decisions, including the decision to retain outside counsel, without first consulting with me and obtaining my written approval.

24.    In or around May 2006, I participated in the decision to retain Anderson Kill & Olick, P.C. ("Anderson Kill") in connection with Bray & Gillespie Management's insurance coverage disputes with its insurers, and a related construction dispute with a remediation and disaster clean-up company selected by one of the insurers.

25.    These disputes arose from hurricane-related property losses sustained in 2004 and 2005.

26.    Prior to May 2006, neither Bray & Gillespie Management nor I had a relationship with Anderson Kill, except for brief discussions with Mr. Olick in 1999 relating to representation that never bore fruit.

27.    As General Counsel for Bray & Gillespie Management, Mr. Lueken recommended that Bray & Gillespie Management retain Anderson Kill.

28.    Mr. Lueken represented to me that John N. Ellison ("Mr. Ellison"), a shareholder in Anderson Kill's Philadelphia, Pennsylvania office, was a seasoned attorney

specializing in insurance coverage litigation on behalf of policyholders and had the necessary expertise to effectively handle these disputes.

29.    Mr. Lueken also represented that an attorney in Anderson Kill's New York office, Michael J. Lane ("Mr. Lane"), would be involved but would take a secondary role and handle some of the more administrative tasks like billing.

30.    Mr. Lueken represented to me that he did not know Mr. Lane.

31.    Other than Mr. Ellison and Mr. Lane, neither Anderson Kill nor Mr. Lueken specifically identified any other attorney that would work on these matters.

32.    Mr. Gillespie, Stephen Nalley ("Mr. Nalley"), and I reviewed Mr. Ellison's resume and decided to retain Anderson Kill because of Mr. Ellison's expertise and based on our understanding that Mr. Ellison would handle and take the lead on the matters.

33.    I have recently learned that Anderson Kill's retention for the Lexington insurance coverage dispute was memorialized in an alleged May 30, 2006 engagement letter ("Lexington Engagement Letter"), which was executed by Mr. Lueken and materialized only after Mr. Lueken resigned in March 2008. Harold Lueken was never authorized to sign any engagement letters or to contractually bind Bray & Gillespie in any manner, save for *de minimis* amounts not in excess $500.

34.    I am not aware of any other Anderson Kill engagement letter or fee agreement.

35.    It was irrelevant to me whether Anderson Kill had a New York office and I did not direct Mr. Lueken to retain counsel with a New York office.

36.    If I had known that Mr. Lane, and not Mr. Ellison, was going to take the lead on the matters, I would not have agreed to retain Anderson Kill.

37.    I did not believe that Mr. Lane had the requisite background to handle these matters.

38.    It was my understanding that Anderson Kill attorneys would travel to Florida to handle these Florida-based disputes relating predominantly to Florida property and would litigate the matters in Florida courts.

39.    I have never traveled to New York to meet with Anderson Kill.

40.    After Bray & Gillespie Management retained Anderson Kill, I learned that Mr. Lueken and Mr. Lane were close friends and classmates at Fordham University School of Law.

41.    In February 2008, Mr. Ellison left Anderson Kill and joined Reed Smith LLP, another law firm, as a partner in its Philadelphia office.

42.    Around this time, I learned that Mr. Lane and Mr. Lueken had acted to unilaterally minimize Mr. Ellison's involvement and role in the matters and wrest control over the matters from Mr. Ellison.

43.    Mr. Lueken was not authorized to shift the responsibility for the representation from Mr. Ellison to Mr. Lane. I did not authorize and was not previously aware of this.

44.    In early March 2008, Mr. Lueken resigned as Bray & Gillespie Management's General Counsel. Later that month, Anderson Kill was terminated as Bray & Gillespie Management's outside counsel.

45.    Mr. Gillespie and I decided that Mr. Ellison, now at Reed Smith, should continue to represent Bray & Gillespie Management in the disputes.

46.    After Mr. Lueken resigned, I learned that Mr. Lane had provided legal advice to Mr. Lueken while Anderson Kill represented Bray & Gillespie Management, including but not limited to recommending that his compensation be tied to insurance proceeds recovered in connection with the insurance disputes handled by Anderson Kill and drafting provisions containing these demands into Mr. Lueken's revised compensation documents.

47.    In March 2008, Anderson Kill forwarded a copy of all of its invoices to me. The unpaid invoices totaled over $1.5 million. Prior to this, with the exception of a few, initial invoices, I had not received these invoices.

                            _____

                                  CHARLES A. BRAY

Executed on June 5, 2008
Volusia County, Florida

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDERSON KILL & OLICK, P.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:08-cv-4565 (AKH) (RLE) |
| ) | |
| BRAY & GILLESPIE, INC.; BRAY & GILLESPIE ) | **Electronically Filed** |
| MANAGEMENT, LLC; CHARLES A. BRAY and ) | |
| JOSEPH GILLESPIE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF JOSEPH G. GILLESPIE
## IN SUPPORT OF MOTION TO DISMISS,
## OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

I, Joseph G. Gillespie, pursuant to 28 U.S.C § 1746, hereby declare under penalty

of perjury that the following is true and correct to the best of my knowledge and belief:

1.    I reside in Volusia County, Florida, and work at Bray & Gillespie

Management, LLC d/b/a Ocean Waters Management, Inc.'s ("Bray & Gillespie Management")

principal corporate office at 600 North Atlantic Avenue, Daytona Beach, Florida, 32118.

2.    Bray & Gillespie Management is a Florida limited liability company with

a principal place of business in Volusia County, Florida, and is in the business of managing and

marketing hospitality real estate through various Bray & Gillespie Management entities or

partnerships.

3.    I am currently the President of Bray & Gillespie Management.

4.    As the President of Bray & Gillespie Management I am responsible for the

company's acquisitions, insurance-related matters, and asset management.

#9669583 v3

5.    Charles A. Bray ("Mr. Bray") and I own and manage Bray & Gillespie Management.

6.    I have a 40% ownership interest in Bray & Gillespie Management.

7.    Bray & Gillespie, Inc. is a Florida corporation with a principal place of business in Volusia County, Florida.

8.    I have a 41% ownership interest in Bray & Gillespie, Inc.

9.    I do not have a residence in New York.

10.    I do not own or rent any property in New York.

11.    I do not have an office in New York.

12.    I do not have a mailing address in New York.

13.    I do not have a telephone listing in New York.

14.    I do not have an agent that accepts service of process in New York.

15.    I do not have a New York bank account.

16.    I am not employed in New York.

17.    I do not conduct any business in New York.

18.    In the past I have traveled to New York to secure financing for the properties that Bray & Gillespie, Inc. acquired and that Bray & Gillespie Management entities or partnerships later owned.

19.    I do not consent to the jurisdiction of the New York courts.

20.    I was not served with the Summons or Complaint in this action in New York.

21.    Although Bray & Gillespie Management's legal department, and General Counsel and Chief Legal Officer do not report to me, I often attend discussions or meetings at

which Bray & Gillespie Management's legal matters are discussed or Bray & Gillespie Management's legal department provides updates.

22.    In the Spring of 2006, Harold W. Lueken ("Mr. Lueken") was Bray & Gillespie Management's General Counsel and Chief Legal Officer.

23.    In or around May 2006, I participated in the decision to retain Anderson Kill & Olick, P.C. ("Anderson Kill") in connection with Bray & Gillespie Management's insurance coverage disputes with its insurers, and a related construction dispute with a remediation and disaster clean-up company selected by one of the insurers.

24.    These disputes arose from hurricane-related property losses sustained in 2004 and 2005.

25.    Prior to May 2006, neither Bray & Gillespie Management nor I had a relationship with Anderson Kill.

26.    As General Counsel for Bray & Gillespie Management, Mr. Lueken recommended that Bray & Gillespie Management retain Anderson Kill.

27.    Mr. Lueken represented to me that John N. Ellison ("Mr. Ellison"), a shareholder in Anderson Kill's Philadelphia, Pennsylvania office, was a seasoned attorney specializing in insurance coverage litigation on behalf of policyholders and had the necessary expertise to effectively handle these disputes.

28.    Mr. Lueken also represented that an attorney in Anderson Kill's New York office, Michael J. Lane ("Mr. Lane"), would be involved but would take a secondary role and handle some of the more administrative tasks like billing.

29.    Other than Mr. Ellison and Mr. Lane, neither Anderson Kill nor Mr. Lueken specifically identified any other attorney that would work on these matters.

#9669583 v3

30.    Mr. Bray, Stephen Nalley ("Mr. Nalley"), and I reviewed Mr. Ellison's resume and decided to retain Anderson Kill because of Mr. Ellison's expertise and based on our understanding that Mr. Ellison would handle and take the lead on the matters.

31.    I have recently learned that Anderson Kill's retention for the Lexington insurance coverage dispute was memorialized in a May 30, 2006 engagement letter ("Lexington Engagement Letter"), which was executed by Mr. Lueken.  Harold Lueken was never authorized to sign any engagement letters or to contractually bind Bray & Gillespie in any manner, save for *de minimis* amounts not in excess $500.

32.    I am not aware of any other Anderson Kill engagement letter or fee agreement.

33.    It was irrelevant to me whether Anderson Kill had a New York office and I did not direct Mr. Lueken to retain counsel with a New York office.

34.    If I had known that Mr. Lane, and not Mr. Ellison, was going to take the lead on the matters, I would not have agreed to retain Anderson Kill.

35.    I did not believe that Mr. Lane had the requisite background to handle these matters.

36.    It was my understanding that Anderson Kill attorneys would travel to Florida to handle these Florida-based disputes and would litigate the matters in Florida courts.

37.    I have never traveled to New York to meet with Anderson Kill.

38.    After Bray & Gillespie Management retained Anderson Kill, I learned that Mr. Lueken and Mr. Lane were close friends and classmates at Fordham University School of Law.

39.     In February 2008, Mr. Ellison left Anderson Kill and joined Reed Smith LLP, another law firm, as a partner in its Philadelphia office.

40.     Around this time, I learned that Mr. Lane and Mr. Lueken had acted to minimize Mr. Ellison's involvement and role in the matters and wrest control over the matters from Mr. Ellison.

41.     Mr. Lueken was not authorized to shift the responsibility for the representation from Mr. Ellison to Mr. Lane.  I did not authorize and was not previously aware of this.

42.     In early March 2008, Mr. Lueken resigned as Bray & Gillespie Management's General Counsel.  Later that month, Anderson Kill was terminated as Bray & Gillespie Management's outside counsel.

43.     Mr. Bray and I decided that Mr. Ellison should continue to represent Bray & Gillespie Management in the disputes.

44.     After Mr. Lueken resigned, I learned that Mr. Lane had provided legal advice to Mr. Lueken while Anderson Kill represented Bray & Gillespie Management, including recommending that his compensation be tied to insurance proceeds recovered in connection with the insurance disputes handled by Anderson Kill.

45.     Prior to March 2008 I had not received or reviewed Anderson Kill's invoices.

46.    Prior to March 2008 I did not call or send any correspondence to Anderson Kill.

JOSEPH G. GILLESPIE

Executed on June 5, 2008
Volusia County, Florida

-6-

**EXHIBIT D**

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counsellors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Michael J. Lane
(212) 278-1568
mlane@andersonkill.com

May 30, 2006

## BY FACSIMILE AND FIRST CLASS MAIL

Harold W. Lueken, Esq.
General Counsel
Gray & Gillespie
600 North Atlantic Avenue
Daytona Beach, Florida 32118

Re:    Lexington Insurance

Dear Harold:

The rules of the Appellate Divisions of the Supreme Court require that there be a written Letter of Engagement at the beginning of an attorney-client relationship.

This letter confirms that Bray & Gillespie ("B&G" or "you") wishes to retain our firm to represent you in connection with your dispute with Lexington Insurance (and, possibly others) in connection with losses B&G suffered in 2004, from property damage to various hotels you own caused by hurricanes.

The fees to be charged will be based on our firm's hourly rates. My normal hourly rate is $425 per hour. The rates of other attorneys in the firm range from $175 per hour to $700 per hour, depending on the seniority of the attorney. Paralegal rates are lower. We will bill you on a monthly basis for time charges and disbursements, and you agree to pay those bills promptly.

Disbursements consist of such items as long-distance telephone, facsimile, photocopy, messenger service, travel, lodging, secretarial overtime, obtaining copies of documents from governmental authorities, filing fees, recording charges, computerized legal research and other items of like import. We expect that you will either pay directly or reimburse us for such costs. If such costs may be calculated beforehand and appear to be substantial, we may ask you to advance us those sums before we expend them, or to reimburse the vendor directly.

NYDOCS1-822490.1
NEW YORK, NY  ■  CHICAGO, IL  ■  NEWARK, NJ  ■  PHILADELPHIA, PA  ■  WASHINGTON, DC

**ANDERSON KILL & OLICK, P.C.**

May 30, 2006
Page 2

        You also agree that we will have the right to terminate the engagement with you at any time upon reasonable advance notice, including without limitation, if our statements for professional services rendered and costs and expenses incurred are not paid promptly.  You shall also have a right to terminate the engagement at any time.

        In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator, a copy of which will be provided to you upon request.

        If you agree to the terms of this retainer letter, kindly sign a copy of this letter below and return it to me by facsimile and in the enclosed stamped, self-addressed envelope.

                                                Sincerely yours,

                                                ANDERSON KILL & OLICK, P.C.

                                                By: _____
                                                        Michael J. Lane

MJL:hvc


cc:    Records Department

Agreed to:

_____
Harold W. Lueken, Esq.
Bray & Gillespie

**EXHIBIT E**

## Table C.
## U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Periods Ending September 30, 2006 and 2007

| Circuit | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2006 | 2007 | Percent Change [1] | 2006 | 2007 | Percent Change [1] | 2006 [2] | 2007 | Percent Change [1] |
| TOTAL | 259,541 | 257,507 | -0.8 | 273,193 | 239,678 | -12.3 | 247,253 | 265,082 | 7.2 |
| DC | 2,382 | 2,415 | 1.4 | 2,836 | 2,456 | -13.4 | 2,803 | 2,762 | -1.5 |
| 1ST | 5,887 | 5,890 | 0.1 | 6,267 | 5,969 | -4.9 | 6,521 | 6,452 | -1.1 |
| ME | 385 | 449 | 16.6 | 430 | 409 | -4.9 | 257 | 297 | 15.6 |
| MA | 3,085 | 3,131 | 1.5 | 3,397 | 3,266 | -3.9 | 3,327 | 3,192 | -4.1 |
| NH | 501 | 450 | -10.2 | 495 | 461 | -6.9 | 428 | 417 | -2.6 |
| RI | 583 | 593 | 1.7 | 545 | 564 | 3.5 | 805 | 834 | 3.6 |
| PR | 1,333 | 1,267 | -5.0 | 1,400 | 1,259 | -10.1 | 1,704 | 1,712 | 0.5 |
| 2ND | 23,369 | 27,165 | 16.2 | 21,274 | 22,771 | 7.0 | 32,953 | 37,347 | 13.3 |
| CT | 2,087 | 2,056 | -1.5 | 2,300 | 2,362 | 2.7 | 2,732 | 2,426 | -11.2 |
| NY,N | 1,590 | 1,453 | -8.6 | 1,415 | 1,689 | 19.4 | 2,681 | 2,445 | -8.8 |
| NY,E | 6,993 | 5,751 | -17.8 | 5,909 | 5,940 | 0.5 | 6,351 | 8,164 | -2.3 |
| NY,S | 10,793 | 16,125 | 49.4 | 9,966 | 10,804 | 10.6 | 16,248 | 21,560 | 32.7 |
| NY,W | 1,631 | 1,492 | -8.5 | 1,568 | 1,667 | 6.3 | 2,480 | 2,480 | -6.6 |
| VT | 275 | 288 | 4.7 | 316 | 309 | -2.2 | 255 | 263 | -7.4 |
| 3RD | 44,792 | 32,521 | -27.4 | 41,536 | 23,144 | -44.3 | 28,098 | 37,478 | 33.4 |
| DE | 930 | 870 | -6.5 | 1,284 | 817 | -36.4 | 1,262 | 1,315 | 4.2 |
| NJ | 6,274 | 6,657 | 6.1 | 6,433 | 6,558 | 1.9 | 5,873 | 5,972 | 1.7 |
| PA,E | 31,997 | 19,739 | -38.3 | 27,962 | 10,341 | -63.0 | 15,396 | 24,794 | 61.0 |
| PA,M | 2,745 | 2,416 | -12.0 | 2,747 | 2,422 | -11.8 | 2,038 | 2,032 | -0.3 |
| PA,W | 2,472 | 2,476 | 0.2 | 2,828 | 2,687 | -5.0 | 2,297 | 2,086 | -9.2 |
| VI | 374 | 363 | -2.9 | 282 | 316 | 12.1 | 1,232 | 1,279 | 3.8 |
| 4TH | 17,610 | 17,331 | -1.6 | 18,480 | 17,624 | -4.6 | 13,379 | 13,086 | -2.2 |
| MD | 3,391 | 3,601 | 6.2 | 3,537 | 3,547 | 0.3 | 2,877 | 2,931 | 1.9 |
| NC,E | 1,264 | 1,367 | 8.1 | 1,435 | 1,424 | -0.8 | 1,304 | 1,247 | -4.4 |
| NC,M | 1,176 | 1,003 | -14.7 | 1,221 | 1,138 | -6.8 | 1,015 | 880 | -13.3 |
| NC,W | 1,068 | 1,049 | -1.8 | 1,133 | 1,211 | 6.9 | 959 | 1,015 | 5.9 |
| SC | 3,625 | 4,203 | 21.5 | 3,961 | 4,314 | 8.9 | 797 | 880 | 3.5 |
| VA,E | 3,891 | 3,239 | -16.8 | 3,865 | 3,091 | -20.0 | 3,007 | 3,007 | 0.0 |
| VA,W | 1,339 | 1,146 | -14.4 | 1,407 | 1,240 | -11.9 | 1,690 | 1,838 | 8.8 |
| WV,N | 598 | 633 | 5.9 | 622 | 611 | -1.8 | 764 | 660 | -13.6 |
| WV,S | 1,258 | 890 | -29.3 | 1,299 | 1,048 | -19.3 | 1,154 | 996 | -13.7 |

140

## Table C. (September 30, 2007—Continued)

| Circuit | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2006 | 2007 | Percent Change [1] | 2006 | 2007 | Percent Change [1] | 2006 [2] | 2007 | Percent Change [1] |
| **5TH** | **34,310** | **34,662** | **1.0** | **31,364** | **37,129** | **18.4** | **39,590** | **37,123** | **-6.2** |
| LA,E | 9,805 | 10,484 | 6.9 | 3,247 | 6,194 | 90.8 | 11,786 | 16,076 | 36.4 |
| LA,M | 1,064 | 999 | -6.1 | 1,546 | 7,365 | 376.4 | 8,743 | 8,712 | -0.4 |
| LA,W | 2,337 | 2,536 | 5.6 | 2,536 | 2,378 | -6.2 | 2,377 | 2,266 | -4.7 |
| MS,N | 1,128 | 947 | -16.0 | 1,187 | 999 | -15.8 | 1,387 | 1,387 | 0.0 |
| MS,S | 2,780 | 2,702 | -2.8 | 2,873 | 2,745 | -4.5 | 1,315 | 1,315 | 0.0 |
| TX,N | 4,516 | 4,213 | -6.7 | 4,581 | 4,483 | -2.1 | 2,745 | 2,574 | -6.2 |
| TX,E | 3,001 | 3,222 | 7.4 | 3,014 | 2,919 | -3.2 | 3,249 | 2,765 | -14.9 |
| TX,S | 6,434 | 6,434 | -0.5 | 7,225 | 6,528 | -9.6 | 2,979 | 4,418 | 48.3 |
| TX,W | 3,212 | 3,193 | -0.6 | 3,419 | 3,390 | -0.8 | 2,550 | 2,353 | -7.7 |
| **6TH** | **21,394** | **21,322** | **-0.3** | **38,052** | **21,611** | **-43.2** | **22,600** | **22,311** | **-1.3** |
| KY,E | 1,940 | 1,604 | -17.3 | 2,241 | 1,694 | -24.4 | 1,536 | 1,446 | -5.9 |
| KY,W | 1,411 | 1,309 | -7.2 | 1,431 | 1,294 | -9.6 | 1,280 | 1,295 | 1.2 |
| MI,E | 5,655 | 5,580 | -1.3 | 20,133 | 5,377 | -73.3 | 5,355 | 5,558 | 3.8 |
| MI,W | 1,578 | 1,516 | -1.0 | 1,410 | 1,482 | 5.1 | 1,308 | 1,419 | 8.5 |
| OH,N | 4,393 | 4,543 | 3.4 | 5,980 | 5,313 | -11.2 | 6,099 | 5,329 | -12.6 |
| OH,S | 2,374 | 2,836 | 19.5 | 2,575 | 2,616 | 1.6 | 2,816 | 3,036 | 7.8 |
| TN,E | 1,257 | 1,181 | -6.0 | 1,477 | 1,265 | -14.4 | 1,456 | 1,382 | -5.1 |
| TN,M | 1,535 | 1,548 | 0.8 | 1,516 | 1,270 | -16.2 | 1,293 | 1,571 | 21.5 |
| TN,W | 1,251 | 1,128 | -9.8 | 1,349 | 1,310 | -2.9 | 1,457 | 1,275 | -12.5 |
| **7TH** | **16,096** | **15,594** | **-3.1** | **16,463** | **15,945** | **-3.1** | **14,464** | **14,113** | **-2.4** |
| IL,N | 7,265 | 7,620 | 4.9 | 7,432 | 7,169 | -3.5 | 6,615 | 7,066 | 6.8 |
| IL,C | 1,021 | 1,009 | -1.2 | 1,087 | 1,001 | -7.9 | 953 | 961 | 0.8 |
| IL,S | 1,160 | 1,025 | -11.6 | 1,226 | 1,209 | -1.4 | 1,241 | 1,057 | -14.8 |
| IN,N | 1,843 | 1,516 | -17.7 | 1,826 | 1,779 | -2.6 | 1,733 | 1,470 | -15.2 |
| IN,S | 2,673 | 2,411 | -9.8 | 2,786 | 2,580 | -7.4 | 2,358 | 2,189 | -7.2 |
| WI,E | 1,396 | 1,231 | -11.8 | 2,746 | 2,394 | -12.8 | 1,272 | 1,109 | -12.8 |
| WI,W | 738 | 782 | 6.0 | 692 | 813 | 17.5 | 292 | 261 | -10.6 |
| **8TH** | **16,516** | **15,569** | **-5.7** | **18,431** | **15,221** | **-17.4** | **16,990** | **17,338** | **2.0** |
| AR,E | 2,987 | 2,063 | -30.9 | 2,302 | 1,727 | -25.0 | 4,412 | 4,748 | 7.6 |
| AR,W | 848 | 803 | -5.3 | 944 | 755 | -20.0 | 656 | 704 | 7.3 |
| IA,N | 551 | 549 | -0.4 | 605 | 624 | 3.1 | 532 | 457 | -14.1 |
| IA,S | 845 | 779 | -7.8 | 886 | 794 | -10.4 | 812 | 797 | -1.8 |
| MN | 4,714 | 5,412 | 14.8 | 6,725 | 4,964 | -26.2 | 5,391 | 5,839 | 8.3 |
| MO,E | 2,455 | 2,414 | -1.7 | 2,668 | 2,374 | -11.0 | 1,946 | 1,988 | 2.2 |
| MO,W | 2,401 | 2,037 | -15.2 | 2,734 | 2,167 | -20.7 | 1,703 | 1,573 | -7.6 |
| NE | 1,086 | 891 | -18.0 | 991 | 1,165 | 17.6 | 913 | 639 | -30.0 |
| ND | 211 | 203 | -3.8 | 224 | 217 | -3.1 | 218 | 204 | -6.4 |
| SD | 418 | 418 | 0.0 | 352 | 434 | 23.3 | 405 | 389 | -4.0 |

## Table C. (September 30, 2007—Continued)

| Circuit | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2006 | 2007 | Percent Change [1] | 2006 | 2007 | Percent Change [1] | 2006 [2] | 2007 | Percent Change [1] |
| **9TH** | **41,178** | **40,637** | **-1.3** | **40,760** | **39,223** | **-3.8** | **38,913** | **40,327** | **3.6** |
| AK | 363 | 347 | -4.4 | 347 | 326 | -6.1 | 388 | 409 | 5.4 |
| AZ | 4,369 | 3,477 | -20.4 | 5,324 | 3,988 | -25.1 | 3,560 | 3,069 | -13.8 |
| CA,N | 7,812 | 7,074 | -9.4 | 6,161 | 5,853 | -5.0 | 7,097 | 8,318 | 17.2 |
| CA,E | 4,534 | 4,595 | 1.3 | 3,824 | 4,259 | 11.4 | 6,093 | 6,429 | 5.5 |
| CA,C | 11,104 | 11,904 | 7.2 | 11,732 | 11,491 | -2.1 | 9,531 | 9,944 | 4.3 |
| CA,S | 2,860 | 2,829 | -1.1 | 2,582 | 2,855 | 10.6 | 2,160 | 2,134 | -1.2 |
| HI | 728 | 663 | -8.7 | 739 | 758 | 2.6 | 720 | 625 | -13.2 |
| ID | 538 | 542 | 0.7 | 618 | 554 | -10.4 | 633 | 621 | -1.9 |
| MT | 624 | 620 | -0.6 | 669 | 741 | 10.8 | 769 | 648 | -15.7 |
| NV | 2,282 | 2,463 | 7.9 | 2,026 | 2,200 | 8.6 | 2,568 | 2,831 | 10.2 |
| OR | 2,396 | 2,524 | 5.3 | 2,561 | 2,375 | -7.3 | 2,355 | 2,504 | 6.3 |
| WA,E | 701 | 640 | -8.7 | 725 | 625 | -13.8 | 544 | 559 | 2.8 |
| WA,W | 2,772 | 2,874 | 3.7 | 3,398 | 3,147 | -7.4 | 2,409 | 2,136 | -11.3 |
| GUAM | 44 | 38 | -13.6 | 49 | 32 | -34.7 | 38 | 44 | 15.8 |
| NMI | 53 | 47 | -11.3 | 35 | 39 | 11.4 | 48 | 56 | 16.7 |
| **10TH** | **10,000** | **9,994** | **-0.1** | **10,616** | **10,153** | **-4.4** | **9,138** | **8,979** | **-1.7** |
| CO | 2,809 | 2,796 | -0.5 | 2,993 | 2,793 | -6.7 | 2,098 | 2,101 | 0.1 |
| KS | 1,498 | 1,551 | 3.5 | 1,659 | 1,487 | -10.4 | 1,382 | 1,446 | 4.6 |
| NM | 1,328 | 1,449 | 9.1 | 1,317 | 1,339 | 1.7 | 1,492 | 1,602 | 7.4 |
| OK,N | 730 | 745 | 2.1 | 890 | 818 | -8.1 | 834 | 761 | -8.8 |
| OK,E | 549 | 487 | -11.3 | 513 | 620 | 20.9 | 554 | 421 | -24.0 |
| OK,W | 1,506 | 1,536 | 2.0 | 1,602 | 1,509 | -5.8 | 1,066 | 1,093 | 2.5 |
| UT | 1,272 | 1,141 | -10.3 | 1,347 | 1,237 | -8.2 | 1,337 | 1,241 | -7.2 |
| WY | 308 | 289 | -6.2 | 295 | 350 | 18.6 | 375 | 314 | -16.3 |
| **11TH** | **28,007** | **34,407** | **23.3** | **27,114** | **28,445** | **4.9** | **21,804** | **27,766** | **27.3** |
| AL,N | 2,675 | 4,843 | 81.0 | 3,132 | 3,508 | 12.0 | 2,340 | 3,675 | 57.1 |
| AL,M | 1,226 | 1,187 | -3.2 | 1,322 | 1,278 | -3.3 | 1,149 | 1,058 | -7.9 |
| AL,S | 822 | 980 | 19.2 | 741 | 974 | 31.4 | 742 | 748 | 0.8 |
| FL,N | 1,633 | 1,635 | 0.1 | 1,484 | 1,614 | 8.8 | 1,321 | 1,342 | 1.6 |
| FL,M | 6,739 | 12,660 | 87.9 | 6,715 | 7,368 | 9.7 | 6,588 | 11,880 | 80.3 |
| FL,S | 6,716 | 7,072 | 5.3 | 7,076 | 7,452 | 5.3 | 4,881 | 4,501 | -7.8 |
| GA,N | 3,879 | 3,900 | 0.5 | 4,180 | 3,950 | -5.5 | 2,866 | 2,816 | -1.7 |
| GA,M | 1,167 | 1,210 | 3.7 | 1,173 | 1,169 | -0.3 | 1,072 | 1,113 | 3.8 |
| GA,S | 1,150 | 920 | -20.0 | 1,291 | 1,132 | -12.3 | 845 | 633 | -25.1 |

NOTE: PENDING CASES EXCLUDE ASBESTOS CASES TRANSFERRED TO P&E UNDER ORDER #875 OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.

[1] PERCENT CHANGE NOT COMPUTED WHEN FEWER THAN 10 CASES REPORTED FOR THE PREVIOUS PERIOD.

[2] REVISED.

**EXHIBIT F**

## Table X-1A.
## U.S. District Courts—Weighted and Unweighted Filings per Authorized Judgeship During the 12-Month Period Ending September 30, 2007

| District | Judgeships | Weighted Filings per Judgeship | | | | Unweighted Filings per Judgeship | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Civil | Criminal | Supervision Hearings | Total | Civil | Criminal | Supervision Hearings | Total |
| TOTAL | 674 | 366 | 106 | 4.72 | 477 | 331 | 131 | 32.44 | 495 |
| DC | 15 | 213 | 30 | 1.70 | 245 | 153 | 30 | 11.73 | 194 |
| 1ST | | | | | | | | | |
| ME | 3 | 172 | 68 | 4.32 | 245 | 145 | 73 | 28.00 | 246 |
| MA | 13 | 269 | 41 | 2.55 | 313 | 222 | 41 | 17.54 | 280 |
| NH | 3 | 175 | 89 | 1.71 | 266 | 143 | 87 | 11.67 | 242 |
| RI | 3 | 195 | 46 | .47 | 242 | 164 | 48 | 3.33 | 216 |
| PR | 7 | 194 | 139 | 2.46 | 336 | 174 | 148 | 17.43 | 339 |
| 2ND | | | | | | | | | |
| CT | 8 | 306 | 59 | 2.69 | 368 | 240 | 58 | 19.00 | 317 |
| NY,N | 5 | 289 | 97 | 7.69 | 394 | 281 | 125 | 54.00 | 460 |
| NY,E | 15 | 405 | 84 | 5.12 | 494 | 351 | 85 | 35.93 | 472 |
| NY,S | 28 | 607 | 54 | 3.15 | 664 | 551 | 55 | 22.43 | 629 |
| NY,W | 4 | 376 | 153 | 16.62 | 546 | 363 | 171 | 118.00 | 652 |
| VT | 2 | 152 | 100 | 2.81 | 254 | 139 | 105 | 19.50 | 263 |
| 3RD | | | | | | | | | |
| DE | 4 | 336 | 41 | 1.78 | 379 | 196 | 49 | 11.75 | 256 |
| NJ | 17 | 434 | 60 | 1.70 | 496 | 360 | 67 | 11.71 | 439 |
| PA,E | 22 | 294 | 44 | 2.66 | 341 | 252 | 45 | 18.91 | 315 |
| PA,M | 6 | 377 | 121 | 2.08 | 500 | 387 | 125 | 13.83 | 526 |
| PA,W | 10 | 252 | 57 | 1.43 | 311 | 238 | 63 | 7.70 | 309 |

## Table X-1A. (September 30, 2007—Continued)

| District | Judgeships | Weighted Filings per Judgeship | | | | Unweighted Filings per Judgeship | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Civil | Criminal | Supervision Hearings | Total | Civil | Criminal | Supervision Hearings | Total |
| **4TH** | | | | | | | | | |
| MD | 10 | 396 | 102 | 2.61 | 500 | 351 | 179 | 17.80 | 547 |
| NC,E | 4 | 322 | 192 | 5.70 | 520 | 336 | 308 | 40.00 | 684 |
| NC,M | 4 | 241 | 117 | 4.10 | 362 | 245 | 121 | 27.00 | 393 |
| NC,W | 5 | 189 | 135 | 4.98 | 329 | 206 | 136 | 27.00 | 372 |
| SC | 10 | 377 | 138 | 4.30 | 519 | 423 | 145 | 30.40 | 596 |
| VA,E | 11 | 281 | 186 | 7.39 | 474 | 286 | 364 | 49.09 | 700 |
| VA,W | 4 | 234 | 130 | 5.09 | 370 | 280 | 127 | 27.25 | 434 |
| WV,N | 3 | 185 | 155 | 4.17 | 345 | 206 | 149 | 28.67 | 384 |
| WV,S | 5 | 164 | 57 | 3.00 | 224 | 171 | 58 | 19.60 | 249 |
| **5TH** | | | | | | | | | |
| LA,E | 12 | 871 | 42 | 1.22 | 914 | 693 | 47 | 8.17 | 749 |
| LA,M | 3 | 334 | 84 | .97 | 420 | 318 | 101 | 6.00 | 425 |
| LA,W | 7 | 339 | 52 | 1.93 | 393 | 336 | 65 | 13.00 | 414 |
| MS,N | 3 | 342 | 86 | 2.27 | 430 | 301 | 86 | 14.67 | 402 |
| MS,S | 6 | 482 | 75 | 4.20 | 562 | 440 | 83 | 26.83 | 549 |
| TX,N | 12 | 369 | 98 | 3.64 | 470 | 341 | 106 | 24.33 | 471 |
| TX,E | 8 | 527 | 148 | .16 | 674 | 396 | 150 | 1.00 | 547 |
| TX,S | 19 | 305 | 224 | 13.41 | 543 | 326 | 329 | 93.47 | 748 |
| TX,W | 13 | 263 | 374 | 13.12 | 650 | 240 | 520 | 91.85 | 852 |
| **6TH** | | | | | | | | | |
| KY,E | 5.50 | 253 | 116 | 3.78 | 373 | 281 | 122 | 26.91 | 429 |
| KY,W | 4.50 | 283 | 102 | 1.68 | 387 | 277 | 206 | 11.78 | 495 |
| MI,E | 15 | 351 | 56 | 2.93 | 410 | 359 | 55 | 19.73 | 434 |
| MI,W | 4 | 380 | 56 | 4.21 | 499 | 383 | 123 | 28.25 | 534 |
| OH,N | 12 | 300 | 73 | 3.79 | 377 | 317 | 74 | 25.83 | 417 |
| OH,S | 8 | 375 | 77 | 5.52 | 458 | 341 | 88 | 38.38 | 467 |
| TN,E | 5 | 265 | 147 | 3.92 | 416 | 231 | 148 | 27.00 | 406 |
| TN,M | 4 | 370 | 91 | 2.00 | 463 | 315 | 91 | 12.75 | 419 |
| TN,W | 5 | 257 | 148 | 5.50 | 410 | 216 | 148 | 36.20 | 400 |

412

## Table X-1A. (September 30, 2007—Continued)

| District | Judgeships | Weighted Filings per Judgeship | | | | Unweighted Filings per Judgeship | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Civil | Criminal | Supervision Hearings | Total | Civil | Criminal | Supervision Hearings | Total |
| **7TH** | | | | | | | | | |
| IL.N | 22 | 421 | 39 | 1.78 | 462 | 323 | 43 | 12.64 | 379 |
| IL.C | 4 | 247 | 121 | 4.17 | 371 | 244 | 138 | 27.50 | 410 |
| IL.S | 4 | 239 | 96 | 5.86 | 341 | 246 | 98 | 38.25 | 382 |
| IN.N | 5 | 319 | 87 | 3.78 | 410 | 292 | 89 | 25.20 | 406 |
| IN.S | 5 | 522 | 70 | 1.26 | 594 | 467 | 69 | 6.60 | 542 |
| WI.E | 5 | 259 | 125 | 3.36 | 387 | 235 | 123 | 23.40 | 382 |
| WI.W | 2 | 447 | 107 | 2.24 | 556 | 373 | 113 | 16.00 | 502 |
| **8TH** | | | | | | | | | |
| AR.E | 5 | 272 | 101 | 3.42 | 377 | 267 | 104 | 21.80 | 392 |
| AR.W | 3 | 241 | 71 | 2.10 | 314 | 253 | 81 | 15.00 | 349 |
| IA.N | 2 | 215 | 184 | 7.54 | 407 | 239 | 192 | 47.00 | 478 |
| IA.S | 3 | 264 | 186 | 4.17 | 454 | 255 | 191 | 20.67 | 467 |
| MN | 7 | 638 | 101 | 4.20 | 743 | 737 | 101 | 29.29 | 867 |
| MO.E | 8 | 311 | 129 | 3.98 | 444 | 292 | 142 | 28.00 | 462 |
| MO.W | 6 | 326 | 154 | 6.80 | 486 | 327 | 160 | 44.63 | 532 |
| NE | 6 | 273 | 227 | 12.53 | 513 | 288 | 231 | 85.67 | 605 |
| ND | 2 | 120 | 151 | 4.10 | 275 | 101 | 156 | 29.00 | 286 |
| SD | 3 | 132 | 196 | 8.84 | 337 | 136 | 194 | 59.33 | 390 |
| **9TH** | | | | | | | | | |
| AK | 3 | 130 | 60 | .81 | 191 | 110 | 70 | 4.67 | 185 |
| AZ | 13 | 263 | 252 | 14.60 | 529 | 260 | 395 | 104.08 | 759 |
| CA.N | 14 | 583 | 36 | 4.84 | 624 | 457 | 52 | 34.50 | 543 |
| CA.E | 6 | 689 | 172 | 7.96 | 869 | 743 | 204 | 56.83 | 1004 |
| CA.C | 28 | 495 | 51 | 4.99 | 551 | 406 | 65 | 35.46 | 506 |
| CA.S | 13 | 241 | 184 | 13.71 | 439 | 198 | 295 | 97.15 | 590 |
| HI | 4 | 209 | 83 | 5.27 | 297 | 162 | 111 | 36.25 | 309 |
| ID | 2 | 316 | 152 | 5.70 | 473 | 264 | 169 | 39.00 | 471 |
| MT | 3 | 201 | 177 | 7.77 | 385 | 200 | 182 | 51.33 | 434 |
| NV | 7 | 423 | 51 | 4.13 | 478 | 333 | 63 | 28.86 | 424 |
| OR | 6 | 440 | 111 | 7.46 | 558 | 408 | 130 | 51.83 | 590 |
| WA.E | 4 | 149 | 104 | 9.98 | 264 | 141 | 119 | 70.00 | 330 |
| WA.W | 7 | 437 | 116 | 5.80 | 559 | 375 | 192 | 37.29 | 604 |

414

## Table X-1A. (September 30, 2007—Continued)

| District | | Judgeships | Weighted Filings per Judgeship | | | | Unweighted Filings per Judgeship | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Civil | Criminal | Supervision Hearings | Total | Civil | Criminal | Supervision Hearings | Total |
| 10TH | CO | 7 | 441 | 82 | 3.09 | 527 | 384 | 97 | 22.00 | 503 |
| | KS | 6 | 268 | 143 | 4.51 | 415 | 245 | 161 | 30.50 | 437 |
| | NM | 7 | 245 | 270 | 12.10 | 527 | 202 | 390 | 85.86 | 678 |
| | OK,N | 3.50 | 234 | 66 | 3.29 | 304 | 204 | 67 | 22.86 | 294 |
| | OK,E | 1.50 | 300 | 75 | 2.07 | 377 | 311 | 78 | 14.00 | 403 |
| | OK,W | 6 | 267 | 80 | 3.24 | 350 | 245 | 162 | 22.83 | 430 |
| | UT | 5 | 277 | 173 | 8.66 | 459 | 221 | 216 | 61.40 | 498 |
| | WY | 3 | 99 | 118 | 2.80 | 220 | 94 | 142 | 20.00 | 256 |
| 11TH | AL,N | 8 | 632 | 73 | 2.41 | 707 | 596 | 79 | 14.75 | 690 |
| | AL,M | 3 | 405 | 89 | 3.21 | 498 | 384 | 106 | 19.67 | 510 |
| | AL,S | 3 | 325 | 170 | 6.19 | 501 | 320 | 172 | 40.00 | 532 |
| | FL,N | 4 | 414 | 101 | 6.18 | 521 | 401 | 157 | 35.75 | 594 |
| | FL,M | 15 | 467 | 98 | 3.59 | 569 | 432 | 106 | 25.07 | 563 |
| | FL,S | 18 | 413 | 133 | 2.90 | 549 | 371 | 143 | 19.94 | 534 |
| | GA,N | 11 | 390 | 69 | 2.55 | 461 | 334 | 79 | 16.36 | 429 |
| | GA,M | 4 | 279 | 99 | 3.14 | 382 | 289 | 155 | 22.25 | 466 |
| | GA,S | 3 | 284 | 145 | 4.15 | 433 | 292 | 234 | 27.00 | 554 |

NOTE.-CASE WEIGHTS ARE BASED ON THE 2003-2004 DISTRICT COURT CASE WEIGHTING STUDY CONDUCTED BY THE FEDERAL JUDICIAL CENTER. THIS TABLE EXCLUDES CIVIL CASES ARISING BY REOPENING, REMAND, OR TRANSFER TO THE DISTRICT BY THE ORDER OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION. THIS TABLE INCLUDES DEFENDANTS IN ALL FELONY AND CLASS A MISDEMEANOR CASES, BUT INCLUDES ONLY THOSE PETTY OFFENSE DEFENDANTS WHOSE CASES HAVE BEEN ASSIGNED TO DISTRICT JUDGES. REMANDS AND REOPENINGS FOR CRIMINAL DEFENDANTS ARE EXCLUDED. THIS TABLE EXCLUDES DATA FOR THE TERRITORIAL COURTS. DATA ARE REPORTED FOR SUPERVISED RELEASE AND PROBATION HEARINGS (BOTH EVIDENTIARY AND NON-EVIDENTIARY) PREVIOUSLY NOT PRESENTED IN THIS TABLE. DATA ARE OBTAINED FROM THE MONTHLY REPORTS OF TRIALS AND OTHER COURT ACTIVITIES CONDUCTED BY RESIDENT AND VISITING JUDGES DUE TO ROUNDING, SUBTOTALS FOR WEIGHTED AND UNWEIGHTED CIVIL, CRIMINAL, AND REVOCATION FILINGS MAY NOT EQUAL TOTALS FOR WEIGHTED AND UNWEIGHTED FILINGS.

**EXHIBIT G**

## Table C-5.
### U.S. District Courts—Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2007

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **TOTAL** | **182,966** | **8.6** | **43,894** | **5.5** | **106,752** | **7.9** | **22,849** | **13.8** | **9,471** | **127.6** |
| DC | 1,897 | 9.0 | 637 | 7.5 | 1,201 | 9.2 | 31 | 23.5 | 28 | 38.2 |
| **1ST** | **5,652** | **9.0** | **2,018** | **5.8** | **2,051** | **8.8** | **816** | **16.6** | **167** | **27.3** |
| ME | 346 | 6.5 | 176 | 4.6 | 176 | 7.1 | 11 | 13.1 | 13 | 15.9 |
| MA | 2,718 | 8.4 | 1,360 | 6.1 | 918 | 8.3 | 343 | 18.3 | 97 | 29.4 |
| NH | 381 | 8.3 | 146 | 6.1 | 118 | 5.0 | 165 | 13.7 | 13 | - |
| RI | 496 | 8.2 | 90 | 2.7 | 192 | 7.9 | 99 | 11.1 | 8 | - |
| PR | 1,111 | 12.2 | 228 | 6.3 | 647 | 10.9 | 198 | 22.0 | 36 | 25.7 |
| **2ND** | **19,231** | **10.5** | **5,177** | **7.1** | **10,910** | **10.8** | **2,845** | **14.6** | **299** | **35.2** |
| CT | 2,032 | 10.5 | 1,239 | 7.6 | 648 | 14.8 | 84 | 23.1 | 61 | 28.5 |
| NY,N | 1,113 | 12.6 | 236 | 6.1 | 525 | 11.0 | 333 | 18.3 | 19 | 32.4 |
| NY,E | 5,124 | 10.8 | 1,030 | 7.3 | 2,891 | 9.3 | 1,121 | 14.4 | 82 | 32.6 |
| NY,S | 9,388 | 9.8 | 2,313 | 7.0 | 5,814 | 10.9 | 1,144 | 12.3 | 117 | 31.8 |
| NY,W | 1,308 | 14.0 | 321 | 8.8 | 817 | 14.0 | 157 | 22.6 | 13 | 25.7 |
| VT | 266 | 8.0 | 38 | 3.3 | 215 | 8.7 | 6 | - | 7 | 50.8 |
| **3RD** | **18,846** | **7.1** | **3,440** | **4.4** | **11,954** | **5.8** | **3,166** | **14.1** | **286** | **25.3** |
| DE | 609 | 12.5 | 69 | 4.1 | 488 | 12.5 | 23 | 30.1 | 29 | 30.3 |
| NJ | 5,442 | 7.6 | 1,932 | 4.4 | 2,028 | 5.4 | 1,414 | 30.1 | 68 | 30.8 |
| PA,E | 9,099 | 5.7 | 519 | 2.3 | 6,917 | 3.8 | 1,555 | 12.7 | 108 | 18.1 |
| PA,M | 1,394 | 7.6 | 472 | 4.9 | 875 | 7.7 | 67 | 12.4 | 40 | 24.5 |
| PA,W | 2,002 | 7.4 | 455 | 4.1 | 1,472 | 8.4 | 35 | 20.4 | 40 | 33.3 |
| VI | 300 | 20.3 | 53 | 15.4 | 174 | 18.4 | 72 | 24.2 | 1 | - |
| **4TH** | **11,975** | **7.4** | **3,212** | **6.1** | **7,433** | **7.8** | **1,142** | **30.3** | **188** | **19.4** |
| MD | 2,638 | 6.3 | 1,023 | 6.1 | 1,286 | 6.2 | 284 | 9.0 | 45 | 23.2 |
| NC,E | 919 | 10.3 | 407 | 8.1 | 496 | 11.4 | 9 | 7.6 | 7 | - |
| NC,M | 778 | 9.3 | 283 | 7.9 | 409 | 10.3 | 102 | - | 4 | - |
| NC,W | 980 | 7.5 | 321 | 10.2 | 535 | 3.6 | 109 | 10.5 | 15 | 21.5 |
| SC | 2,635 | 6.0 | 400 | 2.5 | 2,047 | 9.0 | 144 | 17.6 | 44 | 22.3 |
| VA,E | 2,062 | 4.8 | 425 | 3.5 | 1,183 | 4.5 | 440 | 11.4 | 34 | 9.5 |
| VA,W | 706 | 8.6 | 172 | 5.1 | 489 | 7.3 | 25 | 7.3 | 20 | 14.5 |
| WV,N | 395 | 12.1 | 138 | 7.0 | 238 | 12.6 | 12 | 18.2 | 7 | 21.1 |
| WV,S | 862 | 10.3 | 63 | 2.3 | 770 | 10.8 | 17 | 17.8 | 12 | - |

176

## Table C-5. (September 30, 2007—Continued)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **5TH** | **28,070** | **11.0** | **4,680** | **6.1** | **13,494** | **7.3** | **3,150** | **11.2** | **6,746** | **127.6** |
| LA,E | 5,647 | 7.9 | 172 | 3.4 | 3,354 | 5.6 | 2,050 | 11.3 | 71 | 18.1 |
| LA,M | 7,037 | 127.6 | 359 | 6.0 | 306 | 10.4 | 30 | 24.7 | 6,342 | 127.6 |
| LA,W | 1,567 | 9.9 | 494 | 5.9 | 995 | 10.9 | 33 | 25.5 | 45 | 29.0 |
| MS,N | 681 | 12.4 | 128 | 6.9 | 414 | 11.3 | 113 | 16.5 | 26 | 23.4 |
| MS,S | 2,385 | 10.8 | 1,450 | 9.7 | 814 | 11.3 | 49 | 18.9 | 45 | 29.0 |
| TX,N | 2,799 | 6.8 | 94 | 7.8 | 2,658 | 6.6 | 5 | 12.6 | 42 | 20.2 |
| TX,E | 1,630 | 6.8 | 280 | 5.0 | 1,244 | 9.1 | 64 | 18.9 | 42 | 19.2 |
| TX,S | 4,054 | 9.0 | 1,012 | 3.7 | 2,213 | 6.5 | 749 | 9.7 | 80 | 18.4 |
| TX,W | 2,300 | 7.5 | 691 | 5.9 | 1,496 | 7.7 | 57 | 13.0 | 56 | 16.6 |
| **6TH** | **16,993** | **9.6** | **3,932** | **4.8** | **9,385** | **9.8** | **3,385** | **13.3** | **291** | **24.4** |
| KY,E | 1,380 | 9.4 | 148 | 8.2 | 1,200 | 9.4 | 15 | 20.3 | 17 | 19.2 |
| KY,W | 1,078 | 9.6 | 301 | 8.2 | 675 | 9.4 | 87 | 20.3 | 15 | 19.2 |
| MI,E | 3,656 | 8.3 | 847 | 3.8 | 1,278 | 6.2 | 1,456 | 19.1 | 15 | 22.5 |
| MI,W | 928 | 7.2 | 138 | 2.9 | 761 | 6.2 | 15 | 13.1 | 75 | 22.6 |
| OH,N | 4,722 | 10.0 | 963 | 3.8 | 2,913 | 8.0 | 855 | 18.9 | 14 | 27.9 |
| OH,S | 2,250 | 10.6 | 936 | 6.4 | 789 | 15.0 | 490 | 9.9 | 41 | 16.0 |
| TN,E | 1,015 | 12.4 | 169 | 6.6 | 391 | 11.0 | 419 | 14.6 | 35 | 24.3 |
| TN,M | 986 | 9.1 | 83 | 3.5 | 864 | 9.0 | 13 | 23.3 | 36 | 25.6 |
| TN,W | 928 | 11.9 | 347 | 10.2 | 514 | 9.5 | 35 | 21.7 | 32 | 27.0 |
| | | | | | | | | 27.2 | | 28.8 |
| **7TH** | **12,654** | **7.5** | **3,753** | **5.1** | **7,083** | **7.6** | **1,617** | **11.7** | **201** | **25.5** |
| IL,N | 6,474 | 6.2 | 2,298 | 4.7 | 3,463 | 6.0 | 582 | 12.7 | 91 | 29.0 |
| IL,C | 663 | 9.1 | 288 | 7.7 | 376 | 9.4 | 10 | 12.7 | 19 | 23.0 |
| IL,S | 884 | 8.5 | 218 | 5.2 | 621 | 9.2 | 20 | 22.1 | 25 | 23.0 |
| IN,N | 1,203 | 10.6 | 278 | 6.8 | 526 | 10.6 | 380 | 18.3 | 25 | 25.5 |
| IN,S | 1,872 | 9.9 | 451 | 5.8 | 1,092 | 9.7 | 311 | 13.4 | 19 | 22.6 |
| WI,E | 1,051 | 8.2 | 168 | 3.5 | 789 | 8.9 | 79 | 12.8 | 18 | 28.1 |
| WI,W | 507 | 4.6 | 42 | 1.4 | 216 | 3.1 | 235 | 14.6 | 15 | 30.7 |
| | | | | | | | | 5.9 | 14 | 28.1 |
| | | | | | | | | | | 8.3 |
| **8TH** | **11,976** | **10.5** | **3,271** | **5.2** | **5,825** | **9.4** | **2,660** | **32.9** | **220** | **21.6** |
| AR,E | 1,171 | 12.7 | 227 | 5.3 | 885 | 12.7 | 4 | - | 55 | 19.9 |
| AR,W | 587 | 10.3 | 16 | 5.3 | 553 | 10.2 | 3 | - | 15 | 13.4 |
| IA,N | 447 | 9.0 | 50 | 4.4 | 379 | 9.0 | 5 | - | 13 | 20.9 |
| IA,S | 570 | 10.3 | 104 | 5.6 | 293 | 8.3 | 165 | 15.4 | 8 | 25.8 |
| MN | 4,614 | 13.7 | 1,269 | 2.6 | 897 | 7.3 | 2,414 | 34.4 | 34 | 25.6 |
| MO,E | 1,814 | 7.4 | 737 | 6.0 | 1,038 | 8.0 | 10 | 24.5 | 32 | 22.2 |
| MO,W | 1,475 | 8.5 | 707 | 7.0 | 741 | 8.9 | 17 | 17.2 | 17 | 21.9 |
| NE | 855 | 11.3 | 21 | 1.7 | 770 | 10.4 | 35 | - | 29 | 19.9 |
| ND | 175 | 10.6 | 60 | 8.2 | 106 | 10.9 | 3 | - | 6 | - |
| SD | 268 | 10.5 | 80 | 9.4 | 163 | 9.9 | 14 | 16.8 | 11 | 27.3 |

## Table C-5. (September 30, 2007—Continued)

| Circuit and District | Total Cases | | No Court Action | | Court Action | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Before Pretrial | | During or After Pretrial | | Trial | |
| | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months | Number of Cases | Median Time Interval in Months |
| **9TH** | 27,383 | 7.8 | 8,961 | 6.0 | 16,283 | 8.1 | 1,622 | 12.8 | 517 | 23.1 |
| AK | 290 | 9.1 | 78 | 6.0 | 207 | 10.0 | - | - | 5 | - |
| AZ | 2,031 | 9.9 | 758 | 8.3 | 1,188 | 10.3 | 32 | 25.9 | 53 | 31.2 |
| CA,N | 4,205 | 6.7 | 1,382 | 3.8 | 1,652 | 5.5 | 1,116 | 11.9 | 55 | 23.3 |
| CA,E | 2,118 | 9.3 | 872 | 7.1 | 1,180 | 10.5 | 28 | 19.1 | 38 | 32.4 |
| CA,C | 8,560 | 6.8 | 2,730 | 5.3 | 5,566 | 7.3 | 87 | 17.1 | 177 | 32.4 |
| CA,S | 2,033 | 5.9 | 389 | 4.6 | 1,490 | 6.3 | 120 | 18.7 | 34 | 18.4 |
| HI | 637 | 10.3 | 366 | 8.4 | 217 | 10.5 | 39 | 7.4 | 15 | 24.6 |
| ID | 401 | 11.5 | 27 | 4.0 | 331 | 10.7 | 27 | 17.8 | 16 | 19.7 |
| MT | 511 | 9.5 | 211 | 8.0 | 233 | 9.2 | 56 | 14.1 | 11 | 26.6 |
| NV | 1,618 | 9.6 | 658 | 8.6 | 880 | 9.6 | 57 | 10.9 | 23 | 18.0 |
| OR | 1,840 | 10.1 | 684 | 8.6 | 1,106 | 10.7 | 9 | - | 41 | 35.8 |
| WA,E | 495 | 8.1 | 149 | 5.4 | 306 | 7.9 | 28 | 13.6 | 12 | 21.6 |
| WA,W | 2,583 | 8.1 | 628 | 5.3 | 1,903 | 8.5 | 17 | 15.3 | 35 | 24.2 |
| GUAM | 24 | 7.0 | 14 | 5.2 | 6 | - | 4 | - | - | - |
| NMI | 37 | 10.3 | 15 | 8.0 | 18 | 11.1 | 2 | - | 2 | - |
| **10TH** | 7,821 | 8.6 | 1,384 | 5.1 | 5,003 | 8.0 | 1,249 | 12.5 | 185 | 23.3 |
| CO | 2,030 | 6.9 | 59 | 2.7 | 1,812 | 6.5 | 112 | 17.5 | 47 | 28.5 |
| KS | 1,127 | 8.6 | 321 | 6.5 | 665 | 8.1 | 109 | 17.5 | 32 | 23.4 |
| NM | 1,028 | 8.3 | 171 | 3.2 | 397 | 8.8 | 434 | 17.9 | 26 | 23.4 |
| OK,N | 686 | 10.4 | 74 | 3.3 | 581 | 10.9 | 19 | 17.9 | 12 | 21.0 |
| OK,E | 480 | 9.4 | 342 | 11.1 | 114 | 7.1 | 12 | 11.2 | 12 | 19.5 |
| OK,W | 1,154 | 8.0 | 309 | 3.5 | 422 | 6.7 | 407 | 11.6 | 16 | 12.0 |
| UT | 1,028 | 9.5 | 66 | 2.3 | 898 | 9.2 | 35 | 19.2 | 29 | 16.8 |
| WY | 288 | 12.4 | 42 | 7.3 | 114 | 82.7 | 121 | 10.3 | 11 | 15.4 |
| **11TH** | 21,068 | 6.7 | 3,429 | 4.4 | 16,130 | 6.6 | 1,166 | 13.6 | 343 | 19.9 |
| AL,N | 2,869 | 5.7 | 496 | 7.8 | 2,313 | 6.4 | 20 | 20.3 | 40 | 24.3 |
| AL,M | 791 | 10.0 | 234 | 7.0 | 462 | 9.9 | 74 | 16.3 | 21 | 15.8 |
| AL,S | 662 | 7.3 | 124 | 5.1 | 490 | 7.2 | 32 | 16.3 | 16 | 13.7 |
| FL,N | 896 | 7.5 | 244 | 6.1 | 612 | 8.1 | 18 | 16.3 | 22 | 15.8 |
| FL,M | 5,644 | 6.8 | 456 | 5.7 | 4,999 | 6.8 | 103 | 13.6 | 86 | 21.3 |
| FL,S | 6,051 | 5.0 | 1,138 | 3.0 | 4,667 | 5.3 | 158 | 17.4 | 88 | 21.1 |
| GA,N | 2,881 | 7.7 | 544 | 3.4 | 1,572 | 7.1 | 714 | 17.4 | 51 | 21.0 |
| GA,M | 634 | 11.3 | 130 | 7.7 | 495 | 12.6 | 4 | 12.2 | 5 | 17.1 |
| GA,S | 640 | 10.1 | 63 | 5.8 | 520 | 9.6 | 43 | 22.0 | 14 | 26.8 |

NOTE: MEDIAN TIME INTERVALS NOT COMPUTED WHEN FEWER THAN 10 CASES REPORTED. THIS TABLE EXCLUDES LAND CONDEMNATIONS, PRISONER PETITIONS, DEPORTATION REVIEWS, RECOVERY OF OVERPAYMENTS, AND ENFORCEMENT OF JUDGMENTS. FOR FISCAL YEARS PRIOR TO 2001, THIS TABLE INCLUDED DATA ON RECOVERY OF OVERPAYMENTS AND ENFORCEMENT OF JUDGMENTS.