UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDERSON KILL & OLICK, P.C.,

                              Plaintiff,

            - against -

BRAY & GILLESPIE, INC.; BRAY &
GILLESPIE MANAGEMENT, LLC;
CHARLES A. BRAY and JOSEPH
GILLESPIE,

                              Defendants.

Index No.  1:08-cv-4565 (AKH) (RLE)

Electronically Filed

---

**PLAINTIFF ANDERSON KILL & OLICK, P.C.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
PARTIAL SUMMARY JUDGMENT FOR AN ACCOUNT STATED**

---

JEFFREY E. GLEN, ESQ.
1251 Avenue of the Americas
New York, NY  10020
Telephone: 212-278-1000
Facsimile: 212-278-1733


Attorney for Plaintiff
ANDERSON KILL & OLICK, P.C.

July 1, 2008

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

SUMMARY OF ARGUMENT .............................................................................. 1

STATEMENT OF FACTS ................................................................................... 2

ARGUMENT  AKO IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON ITS
     CAUSE OF ACTION FOR AN ACCOUNT STATED ................................. 3

CONCLUSION ................................................................................................... 4

## TABLE OF AUTHORITIES

*Landa v. Dratch*, 846 N.Y.S.2d 256 ........................................................................... 3

*Shea & Gould v. Burr*, 598 N.Y.S.2d 261 ............................................................... 3

*Alexander Potruch, P.C. v. Sanders*, No, 2007-414NC, 2008 WL 90602
    (N.Y. Sup. App. T. March 25, 2008) ................................................................. 3

## INTRODUCTION

Plaintiff, Anderson Kill & Olick, P.C. ("AKO"), respectfully submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 56, for partial summary judgment on its cause of action for an account stated.  As discussed below, as to $857,132.88 in fees and disbursements, there are no genuine issues of material fact in dispute and, as matter of law, the Court should enter summary judgment on AKO's behalf granting it a partial judgment on in its cause of action for an account stated, in the amount of $857,132.88, plus interest.[1]

## SUMMARY OF ARGUMENT

AKO, a New York City-based law firm, represented the defendant Bray & Gillespie, Inc. (an owner and developer of hotels and other properties which, together with the other defendants, are herein referred to collectively as "Defendants" or "B&G") for some 22 months on some eight different matters.  Much of the work AKO performed involved seeking insurance coverage for losses B&G suffered from the hurricanes that struck the Daytona Beach, Florida area in August and September 2004.  During this representation, AKO was successful in obtaining recovery for B&G in the amount of $25 million (less deductibles).  Among other litigations, AKO was pursuing further insurance proceeds for B&G.  At the time B&G terminated AKO as its counsel on March 28, 2008, AKO was actively representing B&G in five separate, active litigations.

---

[1] This motion is supported by the accompanying Declarations of (1) Harold Lueken, former Chief Operating Officer, Executive Vice President, and General Counsel of B&G ("Lueken Aff."); (2) Maya Cater, also formerly employed by B&G; and (3) Michael J. Lane, an AKO shareholder who had primary responsibility for AKO's representation of B&G.

During the term of AKO's representation of B&G, B&G paid AKO a little more than $2 million -- never challenging the legitimacy of the bills. As an accommodation to B&G, at the request of the then-Chief Operating Officer, Harold Lueken, AKO agreed to defer B&G's payment of $300,000 of outstanding fees as of September 28, 2007 to February 28, 2008 (the "$300,000 deferred payment"). AKO granted this accommodation to B&G based on its representation that such deferment would assist B&G in its cash flow because of the seasonal nature of its business. In addition, AKO wrote-off a total of at least $430,000 in fees as a further accommodation to B&G.

AKO sent B&G regularly monthly statements for services rendered [Lane Dec]. As the accompanying declaration of Harold Lueken states, he had approved for payment all of the AKO statements including those dated December 31, 2007 Lueken Dec P 18. B&G has not submitted any specific objections to these fees and disbursements Lane Dec ¶36. To date, there has been no specific objection to any of these bills Id. As described herein, under established New York law, AKO, as a matter of law, is entitled to judgment in an amount of no less than $857,138.88, plus interest, on its cause of action for an account stated. [2]

## STATEMENT OF FACTS

The Statement of uncontested facts is set forth in the accompanying Rule 56 Statement.

---

[2]    Other bills were sent by AKO to B&G for work completed in March 2008. These bills enlarge the amount AKO seeks in the original Complaint. Further expenses (and a small amount of time) for this time period will be billed in June 2008. In addition, AKO has been very active in assisting B&G with its transition of materials and services to its new counsel -- fees and expenses that AKO plans to seek in this action in addition to the total amount sought.

**ARGUMENT**

**AKO IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON ITS
CAUSE OF ACTION FOR AN ACCOUNT STATED**

Under New York law, entry of summary judgment on a cause of action for

an account stated is established as follows:

> "the 'receipt and retention of plaintiff's accounts, without objection
> within a reasonable time, and agreement to pay a portion of the
> indebtedness, [gives] rise to an actionable account stated, thereby
> entitling plaintiff to summary judgment in its favor.'"

*Alexander Potruch, P.C. v. Sanders*, No, 2007-414NC, 2008 WL 90602 (N.Y. Sup. App.

T. March 25, 2008), (quoting *Shea & Gould v. Burr*, 598 N.Y.S. 2d 261, 262 (1st Dep't

1993). *Landa v. Dratch*, 846 N.Y.S.2d 256, 257 (2d Dep't 2007) (Court held that to

prove a *prima facie* establishment to summary judgment on a cause of action for an

account stated, a party must show tendering invoices for services rendered, setting the

hourly rate, the billable hours expended, the particular services rendered, and by

establishing defendant approved such invoices and made in partial payment thereon).

AKO has established each of these elements in the motion papers filed

herewith.  AKO entered into an initial Retainer Agreement with B&G to provide legal

services.  Lane Dec ¶9; Lueken Dec ¶17  AKO sent monthly statements to B&G

detailing services rendered and disbursements incurred, detailing by time expended and

specific rates, the services performed by AKO attorneys and para-professionals.  Lane

Dec ¶17  B&G approved these invoices and paid over $2 million to AKO for its services

and disbursements expended.  In addition, B&G approved all invoices up to and

including those invoices dated December 31, 2007.  B&G did not object to these bills.

Lane Dec ¶18  The balance due AKO on these invoices through and including

December 31, 2007 is $857,132.88.  Lane Dec ¶2  Accordingly, AKO is entitled to

partial summary judgment on its cause of action for an account statement in the amount

of no less than $857,132.88, plus interest thereon.  *Id.*

## CONCLUSION

For the foregoing reasons, plaintiff, Anderson Kill & Olick, P.C. respectfully

requests that this Court grant its motion for partial summary judgment for an account

stated and enter judgment against defendants in an amount of no less than

$857,132.88, plus interest.

Date:  July 1, 2008                    ANDERSON KILL & OLICK, P.C.
      New York, New York

By:    s/Jeffrey E. Glen
      JEFFREY E. GLEN, ESQ.  (JG-8277)
      1251 Avenue of the Americas
      New York, NY  10020
      Telephone:  212-278-1000
      Facsimile:  212-278-1733

      Attorney for Plaintiff
      Anderson Kill & Olick, P.C.