UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDERSON KILL & OLICK, P.C.,<br><br>                Plaintiff,<br><br>    -against-<br><br>BRAY & GILLEPIE, INC.; BRAY &<br>GILLESPIE MANAGEMENT, LLC;<br>CHARLES A. BRAY and JOSEPH<br>GILLESPIE,<br><br>                Defendants. | Index No. 1:08-cv-4565 (AKH) (RLE) |

## **PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56.1, plaintiff Anderson Kill & Olick, P.C., ("AKO") respectfully submits the following statement of undisputed facts in support of its Cross-Motion for Partial Summary Judgment on Count V of its Complaint, to which it claims there is no genuine dispute:

1.    BRAY & GILLEPIE, INC.; BRAY & GILLESPIE MANAGEMENT, LLC; CHARLES A. BRAY and JOSEPH GILLESPIE (collectively "B&G") retained AKO to represent B&G in various legal matters and litigations. Lueken Aff. ¶ 14.

2.    The retention of AKO was established in the Retainer Agreement dated May 30, 2006. It was signed by Harold Lueken and returned to AKO in New York. Lueken Aff. ¶ 7.

3.    The use of "Bray & Gillespie" in the Retainer Agreement was a generic way to cover all of the many B & G entities. Lueken Aff. ¶ 8.

4.    As per the Retainer Agreement, B&G and Charles Bray specifically were fully aware of Mike Lane's billing rates and AKO's range of rates. Lueken Aff. ¶ 11.

5. Following the initial engagement in the matter known as "Lexington Insurance", B&G retained AKO in nine additional matters. Lueken Aff ¶ 15.

6. As per the Retainer Agreement, AKO submitted monthly invoices to B&G for the matters referred to in paragraph 5. The invoices were reviewed and approved by B&G's in-house counsel Mr. Lueken and, in some instances his assistant, Maya Cater. They were discussed with Mr. Bray and then sent to accounting where payment would be arranged. This process occurred for all invoices submitted through December 31, 2007. Lueken Aff ¶ 18-19.

7. As of the December 31, 2007 invoice, B&G owed AKO $857,132.88. Lane Dec. ¶ 2.

8. B&G has not made any specific objection to any of the outstanding amounts owed. Lane Aff. ¶ 35.

9. Payment of $300,000 of the entitled account was deferred by agreement on or about September 2007 to be paid by February 2008. Lane Aff. ¶ 37.

10. The payment was never made.

July 1, 2008                                    Respectfully submitted,


                                    By: /s/ Jeffrey E. Glen
                                        Jeffrey E. Glen (JG8277)

                                        ANDERSON KILL & OLICK, P.C.
                                        1251 Avenue of the Americas
                                        New York, NY  10020
                                        Telephone:  212-278-1000

                                        Attorneys for Plaintiff
                                        Anderson Kill & Olick, P.C.

## Certificate of Service

I hereby certify that a true copy of the above document was filed electronically and served upon the attorney of record for each party in this case by first class mail on July 1, 2008.

                                          /s/  Jeffrey E. Glen
                                          Jeffrey E. Glen, Esq.