UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANDERSON KILL & OLICK, P.C.,

        Plaintiff,

        v.

BRAY & GILLESPIE, INC., BRAY & GILLESPIE
MANAGEMENT, LLC, CHARLES A. BRAY, and
JOSEPH GILLESPIE,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:08-cv-4565 (AKH) (RLE)

**Electronically Filed**

---

**MEMORANDUM OF LAW IN SUPPORT OF
PEPPER HAMILTON LLP'S MOTION
TO WITHDRAW AS COUNSEL OF RECORD
<u>FOR DEFENDANTS</u>**

This is an action in which the Plaintiff is Anderson, Kill & Olick, P.C., a law firm.
Anderson Kill has sued the four Defendants for more than $1,500,000 in unpaid legal fees and
disbursements that Anderson Kill alleges that it incurred, but that were not paid to it, in
connection with its representation of Defendant Bray & Gillespie Management, LLC in several
lawsuits arising from hurricane damage to hotel properties located in Florida and Louisiana.
Anderson Kill asserts on information and belief that the Defendants had "refused to pay [a
different] law firm in a timely manner," thereby "forc[ing] that firm to withdraw from" certain of
the same underlying cases, and further alleges that the Defendants have a "pattern and practice of
retaining legal counsel under false pretenses and then refusing to pay for valuable services
provided." Complaint ¶ 42(a). Anderson Kill seeks relief in five counts, for breach of contract,
fraud, declaratory judgment relating to piercing the corporate veil, quantum meruit, and account
stated (Declaration of M. Duncan Grant ("Grant Decl.") ¶ 2).

In late April 2008, Pepper Hamilton LLP ("Pepper Hamilton") was retained by defendants Bray & Gillespie, Inc., Bray & Gillespie Management, LLC, Charles A. Bray, and Joseph Gillespie (collectively "Defendants") to represent them in this matter, which was initially filed in the Supreme Court of the State of New York, County of New York and was later removed to this Court (Grant Decl. ¶ 2).

The current posture of the case is that the Defendants have filed two motions to dismiss and the Plaintiff has filed a motion for partial summary judgment. The three motions have not been fully briefed. Defendants' reply brief in support of their two motions to dismiss is currently due on August 29, 2008. Although Defendants have not agreed to a briefing schedule for the Plaintiff's motion for partial summary judgment, Plaintiff's counsel has proposed that Defendants' opposition brief be due on August 29, 2008. Discovery has not yet commenced, and no case scheduling order has been entered (Grant Decl. ¶ 3).

The Defendants' retention of Pepper Hamilton is reflected in a retainer agreement (Grant Decl. Exh. A, in two parts, A-1 and A-2). The four Defendants executed a version of the retainer agreement that Pepper Hamilton had submitted as a draft to Scot Elder, who at the time was the acting general counsel of the Bray & Gillespie entities and was then the client contact (Exhibit A-1). Mr. Elder later informed Pepper Hamilton that the Defendants wanted to revise one term of the engagement, namely that Mr. Bray would have to approve in writing each single out-of-pocket expenditure in excess of $2,500 before Pepper Hamilton was authorized to incur it. Pepper Hamilton agreed to make that revision. To confirm the revision, Pepper Hamilton placed the retainer agreement onto its letterhead, with that one change (but no others, except the date) included (Exhibit A-2), and the signed, revised version of the retainer agreement was returned to Mr. Elder (Grant Decl. ¶ 4).

Pursuant to the terms of the retainer agreement, Defendants agreed to make payment of Pepper Hamilton's statements "within 30 days of the statement date." (Exh. A-1 and A-2 to Grant Decl., Retainer Agreement at 2). Pepper Hamilton also made clear and Defendants agreed that:

> If payment of any of our billings is not made within 60 days of the statement date, the Firm reserves the right to withdraw as counsel to you in this matter and in any other matters in which we are representing you, and you agree that you will not object to any motion that the Firm files with any court to withdraw from the representation of you on that ground.

(Id.) As part of the Defendants' engagement of Pepper Hamilton, they provided Pepper Hamilton with a retainer of $15,000 that Pepper Hamilton continues to hold and has not yet taken into income (Grant Decl. ¶ 4).

On June 9, 2008, Pepper Hamilton submitted an invoice to Charles A. Bray (on behalf of all four Defendants) for professional services and disbursements for the period through May 31, 2008. On July 21, 2008, Pepper Hamilton submitted a second invoice, also to Mr. Bray on behalf of all Defendants, for professional services and disbursements for the period through June 30, 2008. Neither invoice has been paid (Grant Decl. ¶ 5).

On July 21, 2008, 42 days after the June 9 statement was sent to the Defendants, Pepper Hamilton contacted the Defendants by email regarding the fact that they had not yet paid the June 9 invoice. Ten days later, on July 31, 2008, Pepper Hamilton again contacted Defendants by email regarding their failure to have paid the June 9 invoice. Both emails were sent to W. Bruce Del Valle, Esq. and Stephen Nalley, two officers of the Defendant entities who are Pepper Hamilton's principal client contacts in this litigation. The Defendants still made no payment (Grant Decl. ¶ 6).

On August 5, 2008, Pepper Hamilton sent an email to Messrs. Del Valle and Nalley, Defendant Joseph Gillespie, and others within the client organization, advising them that Pepper Hamilton would file a motion to withdraw if the June 9 statement was not paid in full by August 13, 2008 or the July 21 statement was not paid in full by August 20, 2008. Pepper Hamilton attached a draft of this Motion to Withdraw and the supporting papers to the August 5, 2008 email. Yet the Defendants still have not paid either the June 9 or the July 21 invoice. They have instead offered to pay only a very substantially discounted portion of the June 9 and July 21 invoices, and to do so over a six-month period. Pepper Hamilton will not agree to that payment proposal. On August 15, 2008, Mr. Shiekman sent Mr. Del Valle an email in which Pepper Hamilton offered, as an accommodation, to accept a discount of about $6,500 on its charges as long as payment of the full (discounted) amount was made by 5:00 p.m. on August 18, 2008. The Defendants did not make any payment by that time, nor have they made any payment as of the date of the filing of this Motion to Withdraw (Grant Decl. ¶ 7).

As such, the Defendants have failed to fulfill a material contractual obligation to Pepper Hamilton. Pursuant to the express terms of the agreed-upon retainer agreement and as allowed by the relevant rules of professional conduct, Pepper Hamilton respectfully requests that the Court grant its motion and enter an order allowing it to withdraw as counsel of record for the Defendants (Grant Decl. ¶ 8). Local Rule 1.4 provides that a lawyer may withdraw from the representation of a client by order of the Court after first showing, by affidavit or otherwise, the reasons for the requested withdrawal and advising the Court of the posture of the case. Pepper Hamilton has satisfied those criteria.

The relevant New York rule, which is codified at New York Comp. Codes, R. & Regs., tit. 22 § 1200.15(c)(1)(vi) (2008), provides that a lawyer may withdraw if the client

"[d]eliberately disregards an agreement or obligation to the lawyer as to expenses or fees." The Defendants in this action have done just that.

The Pennsylvania rule also applies, because three of the Pepper Hamilton lawyers who are representing the Defendants are admitted to the Pennsylvania Bar but have been admitted in this action *pro hac vice*. It allows a lawyer to withdraw from the representation of a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Pa. Rules of Professional Conduct 1.16(b)(5).[1] The Defendants in this action have received reasonable and adequate warning, but they have nonetheless failed to fulfill their obligation to make payment to Pepper Hamilton.[2]

Defendants have failed to pay Pepper Hamilton's June 9 and July 21 statements. The June 9 statement is more than 60 days old, thus triggering Pepper Hamilton's contractual right under the retainer agreement to withdraw as counsel to the Defendants. Pepper Hamilton has given Defendants three reminders of their obligations and then had telephone discussions about payment, but the Defendants still have not made payment (Grant Decl. ¶ 9). In addition, Pepper Hamilton has taken steps to avoid any prejudice to the Defendants by concurrently submitting to the Court a request for a 30-day extension for Defendants' reply brief and opposition brief so that Defendants will have adequate time to retain new counsel (Grant Decl. ¶ 11).

---

[1] The comments to Rule 1.16 contemplate that a lawyer may withdraw under the Rule if the client refuses to abide by an agreement "concerning fees or court costs . . . ." Pa. Rules of Professional Conduct 1.16 cmt. 8.

[2] Because Mr. Grant, who has been admitted *pro hac vice*, is also a member of the Delaware Bar, the Delaware Lawyers' Rules of Professional Conduct also apply to him. Delaware's Rule 1.16(b)(5) is identical to Pennsylvania's Rule 1.16(b)(5). The requirements of the Pennsylvania Rule have been satisfied, so the requirements of the identical Delaware Rule have been as well.

There are also grounds for Pepper Hamilton's withdrawal from the representation of the Defendants under New York rule 1200.15(c)(1)(iv), New York Comp. Codes, R. & Regs., tit. 22 § 1200.15(c)(1)(iv) (2008), which permits withdrawal if a client "renders it unreasonably difficult for the lawyer to carry out employment effectively."[3]  If the Court wishes to receive information about that subject, Pepper Hamilton will provide it, but it would seek leave to file such information under seal (Grant Decl. ¶ 10).

For these reasons, Pepper Hamilton respectfully requests that it be granted leave to withdraw as counsel of record for Defendants in the above-captioned matter.  Pepper Hamilton reserves all of its rights against the Defendants relative to their failure to fulfill their contractual obligations to Pepper Hamilton and otherwise (Grant Decl. ¶ 12).

Dated:  August 19, 2008
        New York, New York

OF COUNSEL:

M. Duncan Grant (*admitted pro hac vice*)
Andrea Toy Ohta (*admitted pro hac vice*)
Alison Altman Gross (*admitted pro hac vice*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Respectfully submitted,

/s/ *Kenneth J. King*
Kenneth J. King (KK 3567)
Suzanne M. D'Amico (SD 3581)
PEPPER HAMILTON LLP
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY  10018-1405
(212) 808-2700

*Attorneys for Defendants Bray &
Gillespie, Inc.; Bray & Gillespie
Management, LLC; Charles A.
Bray; and Joseph Gillespie*

---

[3] The Pennsylvania Rules of Professional Conduct and the Delaware Lawyers' Rules of Professional Conduct include analogous provisions.  Rule 1.16(b)(6) of both of those sets of rules permits withdrawal if "the representation . . . has been rendered unreasonably difficult by the client . . . ."