UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDERSON KILL & OLICK, P.C., <br><br> Plaintiff, <br><br> v. <br><br> BRAY & GILLESPIE, INC., BRAY & GILLESPIE MANAGEMENT, LLC, CHARLES A. BRAY, and JOSEPH GILLESPIE, <br><br> Defendants. | 1:08-cv-4565 (AKH) (RLE) <br><br> **Electronically Filed** |

### DECLARATION OF M. DUNCAN GRANT

M. DUNCAN GRANT declares the following:

1. I am a partner with Pepper Hamilton LLP, and I am lead counsel in this action on behalf of defendants Bray & Gillespie, Inc., Bray & Gillespie Management, LLC, Charles A. Bray, and Joseph Gillespie. I am a member in good standing of the Bars of the Commonwealth of Pennsylvania and the State of Delaware. I have been admitted *pro hac vice* to practice before this Court in this action. I execute this Declaration in support of my firm's Motion to Withdraw as Counsel of Record for Defendants.

2. The Plaintiff in this action, Anderson, Kill & Olick, P.C., is a law firm that has sued the four Defendants for more than $1,500,000 in unpaid legal fees and disbursements that Anderson Kill states that it incurred, but that were not paid to it, in connection with Anderson Kill's representation of Defendant Bray & Gillespie Management, LLC in multiple lawsuits arising from hurricane damage to hotel properties located in Florida and Louisiana. Anderson Kill alleges on information and belief that the Defendants had "refused to pay [another] law firm in a timely manner," thereby "forc[ing] that firm to withdraw from" certain of

the same underlying cases, and further alleges that the Defendants have a "pattern and practice of retaining legal counsel under false pretenses and then refusing to pay for valuable services provided." Complaint ¶ 42(a). Anderson Kill seeks relief in five counts, for breach of contract, fraud, declaratory judgment relating to piercing the corporate veil, quantum meruit, and account stated. In late April 2008, my firm was retained by the Defendants to represent them in this matter. The case had initially been filed in the Supreme Court of the State of New York, County of New York, and we later removed it to this Court.

   3. The current posture of the case is that the Defendants have filed two motions to dismiss and the Plaintiff has filed a motion for partial summary judgment. The three motions have not been fully briefed. Defendants' reply brief in support of their two motions to dismiss is currently due on August 29, 2008. Although Defendants have not agreed to a briefing schedule for the Plaintiff's motion for partial summary judgment, Plaintiff's counsel has proposed that Defendants' opposition brief be due on August 29, 2008. Discovery has not yet commenced, and no case scheduling order has been entered.

   4. The Defendants' retention of Pepper Hamilton is reflected in a retainer agreement, which is attached to this Declaration as Exhibit A. Exhibit A has two parts, A-1 and A-2. The four Defendants executed a version of the retainer agreement that I had submitted as a draft to Scot Elder, who at the time was the acting general counsel of the Bray & Gillespie entities and was then our client contact (Exhibit A-1). Mr. Elder later informed me that the Defendants wanted to revise one term of the engagement, namely that Mr. Bray would have to approve in writing each single out-of-pocket expenditure in excess of $2,500 before we were authorized to incur it. I agreed to make that revision. To confirm the agreement, I had the retainer agreement placed onto my firm's letterhead, with that one change (but no others, except

the date) included (Exhibit A-2), and I then signed the revised version of the retainer agreement and returned it to Mr. Elder. Pursuant to the terms of the retainer agreement, Defendants agreed to make payment of my firm's statements "within 30 days of the statement date" (Retainer Agreement at 2). We also made clear, and Defendants agreed, that:

> If payment of any of our billings is not made within 60 days of the statement date, the Firm reserves the right to withdraw as counsel to you in this matter and in any other matters in which we are representing you, and you agree that you will not object to any motion that the Firm files with any court to withdraw from the representation of you on that ground.

*Id.* As part of the Defendants' engagement of my firm, they provided a retainer of $15,000, which the firm continues to hold and has not yet taken into income.

5. On June 9, 2008, I submitted an invoice to Charles A. Bray (on behalf of all four Defendants) for professional services and disbursements for the period through May 31, 2008. On July 21, 2008, I submitted a second invoice, also to Mr. Bray on behalf of all Defendants, for professional services and disbursements for the period through June 30, 2008. Neither invoice has been paid.

6. On July 21, 2008, 42 days after the June 9 statement was sent to the Defendants, I contacted W. Bruce Del Valle, Esq. and Stephen Nalley, two officers of our client organization who are our principal client contacts in this litigation, regarding the fact that the Defendants had not yet paid the firm's June 9 invoice. Ten days later, on July 31, 2008, I again contacted Messrs. Del Valle and Nalley regarding the Defendants' failure to have paid the firm's June 9 invoice. The Defendants still did not make any payment.

7. On August 5, 2008, I sent another email to Messrs. Del Valle and Nalley, with copies also to Defendant Joseph Gillespie and others within the client organization, advising them that Pepper Hamilton would file a motion to withdraw if its June 9 statement was not paid

in full by August 13, 2008 or the July 21 statement was not paid in full by August 20, 2008. I attached to my August 5, 2008 email a draft of this Motion to Withdraw and the supporting papers. Yet the Defendants still have not paid either the June 9 or the July 21 invoice. Instead, Mr. Del Valle (on behalf of all four Defendants), during an August 14, 2008 phone call with me and my partner Laurence Z. Shiekman, the chair of the firm's Finance Committee, offered to pay a very substantially discounted portion of the June 9 and July 21 invoices, and to do so not all at once, but rather over a six-month period. Pepper Hamilton will not agree to that payment proposal, but Mr. Shiekman sent Mr. Del Valle an email on August 15, 2008 in which the firm offered, as an accommodation, to accept a discount of about $6,500 on its charges as long as payment of the full (discounted) amount was made by 5:00 p.m. on August 18, 2008. The Defendants did not make any payment by that time, nor have they made any payment as of the date of the filing of the Motion to Withdraw.

8. As such, the Defendants have failed to fulfill a material contractual obligation to Pepper Hamilton. For that reason, pursuant to the express terms of the retainer agreement, Pepper Hamilton respectfully requests that the Court grant its motion and enter an order allowing the firm to withdraw as counsel of record for the Defendants.

9. I have personally given the Defendants three reminders of their obligations; my partner Mr. Shiekman and I discussed the matter with Mr. Del Valle by telephone on August 14, 2008; and Mr. Shiekman sent Mr. Del Valle an email on August 15, 2008 offering an accommodation as long as payment was made by August 18, 2008. Despite all of those communications, the Defendants still have not made payment of our June 9 and July 21, 2008 invoices.

10. I believe that there are also grounds for the firm's withdrawal from the representation of the Defendants under New York rule 1200.15(c)(1)(iv), relating to a client's "render[ing] it unreasonably difficult for the lawyer to carry out employment effectively," as well as under analogous Pennsylvania and Delaware rules of professional conduct. We will provide additional information about that subject if the Court wishes to receive it, in which case we would seek leave to file such information under seal.

11. To avoid any prejudice to the Defendants, concurrently with the filing of this Motion to Withdraw as Counsel of Record for Defendants, we are hand delivering a letter to the Court seeking a 30-day extension of the due dates for Defendants' reply brief and opposition brief so that Defendants will have adequate time to retain new counsel.

12. Therefore, Pepper Hamilton respectfully requests that it be granted leave to withdraw as counsel of record for Defendants in this action. Pepper Hamilton reserves all of its rights against the Defendants relative to their failure to fulfill their contractual obligations to Pepper Hamilton and otherwise.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct. Executed on August 19, 2008.

_M. Duncan Grant_
M. DUNCAN GRANT

# Exhibit A-1

M. Duncan Grant<br>
215.981.4343<br>
grantm@pepperlaw.com

April 28, 2008

Bray & Gillespie, Inc.              **Pepper Hamilton Draft 4/25/08**
Bray & Gillespie Management, LLC
Charles A. Bray
Joseph Gillespie
c/o Scot M. Elder, Esq.
Acting General Counsel
600 North Atlantic Avenue
Daytona Beach, FL 32118

      Re:    Anderson Kill & Olick P.C. v. Bray & Gillespie, Inc., et al.

Gentlemen:

      We are pleased that you have engaged my Firm to represent you in this matter. Our engagement is to defend your interests, including if appropriate the filing of a counterclaim, in the action captioned *Anderson Kill & Olick P.C. v. Bray & Gillespie, Inc., Bray & Gillespie Management, LLC, Charles A. Bray, and Joseph Gillespie*, Supreme Court of the State of New York, County of New York, Index No. 600938 / 2008. You will be adverse to Anderson Kill & Olick P.C. in the matter.

      It is my Firm's policy to disclose to clients at the beginning of new engagements the basis or rate of the fees that we will be charging, and I write to describe our billing policies, procedures, and rates.

      All of our work in this matter will be billed on a monthly basis, at our normal hourly rates, which we traditionally adjust each January 1. I am the attorney in our Firm who will be principally responsible for the matter. My current hourly rate is $570. Other lawyers (and, depending on the work that is required of our Firm, perhaps paralegals) in the Firm, including lawyers who are members of the New York Bar, will also work on the case, and their hourly rates are commensurate with their experience and seniority. We always attempt to have work done for clients by the person or persons with the most suitable legal experience and seniority level, and we will endeavor to do so in this matter as well. If you have questions at any

Bray & Gillespie, Inc.
Bray & Gillespie Management, LLC
Charles A. Bray
Joseph Gillespie
April ____, 2008
Page 2

time concerning staffing or performance of our legal services on your behalves, please contact me. It is important to us that you be satisfied with the quality of our work.

Expenses incident to our work will also be billed monthly. We bill for out-of-pocket expense items such as travel charges, telephone charges, copying, fax services, computerized legal research, and document preparation on our word processing facilities. Disbursements are not always available for billing on a current basis, so they may be billed in subsequent statements. In order to allocate expenses fairly and keep our billing rates as low as possible, disbursements are charged to the individual clients for whose benefit they are incurred.

For services obtained on your behalves from suppliers outside the firm (for example, deposition transcripts or experts), we will make payment for charges under $500 and list such payments as expense items in our monthly bills. When the charge is $500 or more, we will forward the bills to you for direct payment to the vendor. We will engage expert witnesses on your behalves only after receiving prior approval from you.

Our monthly statements will provide a summary of the services performed. The four of you will be jointly and severally liable for the entire amount of the Firm's charges. We require payment of our statements within 30 days of the statement date. If payment of any of our billings is not made within 60 days of the statement date, the Firm reserves the right to withdraw as counsel to you in this matter and in any other matters in which we are representing you, and you agree that you will not object to any motion that the Firm files with any court to withdraw from the representation of you on that ground. Such a withdrawal or motion to withdraw will not affect your obligation to pay the Firm the amounts set forth in billing statements that the Firm sends to you.

We have agreed that the retainer in this matter will be $15,000, to be paid with your acceptance of this letter. We will apply the retainer, in our discretion, either to our bills for disbursements or time charges that we have earned (in which case you will, within 30 days after a request by us, replenish the portion of the retainer that we have applied in that fashion) or to our final bill in this matter. Disbursements and time charges are "earned" when we either incur the disbursement or spend the time on behalf of all or any of you. We will refund to you any unearned balance of the retainer that we still hold after the completion of our representation which exceeds the amount of the final bill. If we request during the course of the engagement that you replenish the retainer, all such additional retainer amounts will be treated in the same manner as the initial retainer.

Bray & Gillespie, Inc.
Bray & Gillespie Management, LLC
Charles A. Bray
Joseph Gillespie
April ____, 2008
Page 3

       In the course of providing legal advice, we normally obtain documents or other materials belonging to you or relating to our representation of you. We retain such records so that we are better able to represent you and, in some cases, to comply with professional guidelines. Once we complete the matter to which those records relate, we will arrange to return such records to you if you ask us to do so. In that situation, we have the right to make copies, at our expense, of any of the records for our files. If we retain the records, we may send them to our storage facilities. Our records retention policy provides that upon the expiration of a certain period of time, which varies depending on the type of engagement, those records may be destroyed. Generally, the records we return to you or retain in storage do not include our internal documents, such as drafts of pleadings or agreements, emails that have not been placed in your file, memoranda that relate to internal staffing or administrative matters, or items that we have received from third parties on a restricted basis.

       I encourage you to discuss with me any questions that you may have concerning any of these arrangements. We are most pleased that you have retained us for this matter, and we will make every reasonable effort to assist in achieving your objectives.

       I ask that you confirm your agreement with the terms of retention set forth in this letter by counter-signing the enclosed copy of this letter in the space beneath my signature and then returning the fully counter-signed copy of the letter to me, along with a retainer check made payable to Pepper Hamilton LLP in the amount of $15,000.

       Sincerely,

       **Pepper Hamilton Draft 4/25/08**

       M. Duncan Grant

cc:    Steven E. Brust, Esq.

Bray & Gillespie, Inc.
Bray & Gillespie Management, LLC
Charles A. Bray
Joseph Gillespie
April ____, 2008
Page 4

    I have reviewed this letter, and as the [FILL IN TITLE] of Bray & Gillespie, Inc., and acting on behalf of Bray & Gillespie, Inc., I acknowledge and agree that it accurately sets forth the terms of Bray & Gillespie, Inc.'s retention of Pepper Hamilton LLP in connection with the matter described above.

_____
Bray & Gillespie, Inc.

By: [NAME, TITLE]

Date: April 26, 2008

    I have reviewed this letter, and as the [FILL IN TITLE] of Bray & Gillespie Management, LLC, and acting on behalf of Bray & Gillespie Management, LLC, I acknowledge and agree that it accurately sets forth the terms of Bray & Gillespie, Inc.'s retention of Pepper Hamilton LLP in connection with the matter described above.

_____
Bray & Gillespie Management, LLC

By: [NAME, TITLE]

Date: April 26, 2008

Bray & Gillespie, Inc.
Bray & Gillespie Management, LLC
Charles A. Bray
Joseph Gillespie
April ___, 2008
Page 5


      I have reviewed this letter, and I acknowledge and agree that it accurately sets forth the terms of my retention of Pepper Hamilton LLP in connection with the matter described above.

_____
Charles A. Bray

Date: April 26, 2008


      I have reviewed this letter, and I acknowledge and agree that it accurately sets forth the terms of my retention of Pepper Hamilton LLP in connection with the matter described above.

_____
Joseph Gillespie, Inc.

Date: April 28, 2008

# Exhibit A-2

# Pepper Hamilton LLP
##### Attorneys at Law

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
215.981.4000
Fax 215.981.4750

M. Duncan Grant
215.981.4343
grantm@pepperlaw.com

May 2, 2008

Bray & Gillespie, Inc.
Bray & Gillespie Management, LLC
Charles A. Bray
Joseph Gillespie
c/o Scot M. Elder, Esq.
Acting General Counsel
600 North Atlantic Avenue
Daytona Beach, FL 32118

Re: <u>Anderson Kill & Olick P.C. v. Bray & Gillespie, Inc., et al.</u>

Gentlemen:

  We are pleased that you have engaged my Firm to represent you in this matter. Our engagement is to defend your interests, including if appropriate the filing of a counterclaim, in the action captioned *Anderson Kill & Olick P.C. v. Bray & Gillespie, Inc., Bray & Gillespie Management, LLC, Charles A. Bray, and Joseph Gillespie*, Supreme Court of the State of New York, County of New York, Index No. 600938 / 2008. You will be adverse to Anderson Kill & Olick P.C. in the matter.

  It is my Firm's policy to disclose to clients at the beginning of new engagements the basis or rate of the fees that we will be charging, and I write to describe our billing policies, procedures, and rates.

  All of our work in this matter will be billed on a monthly basis, at our normal hourly rates, which we traditionally adjust each January 1. I am the attorney in our Firm who will be principally responsible for the matter. My current hourly rate is $570. Other lawyers (and, depending on the work that is required of our Firm, perhaps paralegals) in the Firm, including lawyers who are members of the New York Bar, will also work on the case, and their hourly rates are commensurate with their experience and seniority. We always attempt to have work done for clients by the person or persons with the most suitable legal experience and seniority level, and we will endeavor to do so in this matter as well. If you have questions at any

| Philadelphia | Boston | Washington, D.C. | Detroit | New York | Pittsburgh |
| Berwyn | Harrisburg | Orange County | Princeton | Wilmington | |

www.pepperlaw.com

**Pepper Hamilton LLP**
Attorneys at Law

Bray & Gillespie, Inc.
Bray & Gillespie Management, LLC
Charles A. Bray
Joseph Gillespie
May 2, 2008
Page 2

time concerning staffing or performance of our legal services on your behalves, please contact me. It is important to us that you be satisfied with the quality of our work.

Expenses incident to our work will also be billed monthly. We bill for out-of-pocket expense items such as travel charges, telephone charges, copying, fax services, computerized legal research, and document preparation on our word processing facilities. Disbursements are not always available for billing on a current basis, so they may be billed in subsequent statements. In order to allocate expenses fairly and keep our billing rates as low as possible, disbursements are charged to the individual clients for whose benefit they are incurred.

For services obtained on your behalves from suppliers outside the firm (for example, deposition transcripts or experts), we will make payment for charges under $500 and list such payments as expense items in our monthly bills. When the charge is $500 or more, we will forward the bills to you for direct payment to the vendor. We will engage expert witnesses on your behalves only after receiving prior approval from you. We will not incur single expense items in excess of $2,500 (whether expert witnesses or otherwise) without first obtaining the written approval of Charles A. Bray (written approval for this purpose includes confirmation by email).

Our monthly statements will provide a summary of the services performed. The four of you will be jointly and severally liable for the entire amount of the Firm's charges. We require payment of our statements within 30 days of the statement date. If payment of any of our billings is not made within 60 days of the statement date, the Firm reserves the right to withdraw as counsel to you in this matter and in any other matters in which we are representing you, and you agree that you will not object to any motion that the Firm files with any court to withdraw from the representation of you on that ground. Such a withdrawal or motion to withdraw will not affect your obligation to pay the Firm the amounts set forth in billing statements that the Firm sends to you.

We have agreed that the retainer in this matter will be $15,000, to be paid with your acceptance of this letter. We will apply the retainer, in our discretion, either to our bills for disbursements or time charges that we have earned (in which case you will, within 30 days after a request by us, replenish the portion of the retainer that we have applied in that fashion) or to our final bill in this matter. Disbursements and time charges are "earned" when we either incur the disbursement or spend the time on behalf of all or any of you. We will refund to you any unearned balance of the retainer that we still hold after the completion of our representation which exceeds the amount of the final bill. If we request during the course of the engagement

## Pepper Hamilton LLP
Attorneys at Law

Bray & Gillespie, Inc.
Bray & Gillespie Management, LLC
Charles A. Bray
Joseph Gillespie
May 2, 2008
Page 3

that you replenish the retainer, all such additional retainer amounts will be treated in the same manner as the initial retainer.

In the course of providing legal advice, we normally obtain documents or other materials belonging to you or relating to our representation of you. We retain such records so that we are better able to represent you and, in some cases, to comply with professional guidelines. Once we complete the matter to which those records relate, we will arrange to return such records to you if you ask us to do so. In that situation, we have the right to make copies, at our expense, of any of the records for our files. If we retain the records, we may send them to our storage facilities. Our records retention policy provides that upon the expiration of a certain period of time, which varies depending on the type of engagement, those records may be destroyed. Generally, the records we return to you or retain in storage do not include our internal documents, such as drafts of pleadings or agreements, emails that have not been placed in your file, memoranda that relate to internal staffing or administrative matters, or items that we have received from third parties on a restricted basis.

I encourage you to discuss with me any questions that you may have concerning any of these arrangements. We are most pleased that you have retained us for this matter, and we will make every reasonable effort to assist in achieving your objectives.

I ask that you confirm your agreement with the terms of retention set forth in this letter by counter-signing the enclosed copy of this letter in the space beneath my signature and then returning the fully counter-signed copy of the letter to me, along with a retainer check made payable to Pepper Hamilton LLP in the amount of $15,000.

Sincerely,

*M. Duncan Grant*

M. Duncan Grant

cc:     Steven E. Brust, Esq. – Via Email

**Pepper Hamilton LLP**
Attorneys at Law

Bray & Gillespie, Inc.
Bray & Gillespie Management, LLC
Charles A. Bray
Joseph Gillespie
May 2, 2008
Page 4

      I have reviewed this letter, and as the _____ [title] of Bray & Gillespie, Inc., and acting on behalf of Bray & Gillespie, Inc., I acknowledge and agree that it accurately sets forth the terms of Bray & Gillespie, Inc.'s retention of Pepper Hamilton LLP in connection with the matter described above.

                                          _____
                                          Bray & Gillespie, Inc.

                                          By:

                                          Date: May ____, 2008

      I have reviewed this letter, and as the _____ [title] of Bray & Gillespie Management, LLC, and acting on behalf of Bray & Gillespie Management, LLC, I acknowledge and agree that it accurately sets forth the terms of Bray & Gillespie, Inc.'s retention of Pepper Hamilton LLP in connection with the matter described above.

                                          _____
                                          Bray & Gillespie Management, LLC

                                          By:

                                          Date: May ____, 2008

**Pepper Hamilton LLP**
Attorneys at Law

Bray & Gillespie, Inc.
Bray & Gillespie Management, LLC
Charles A. Bray
Joseph Gillespie
May 2, 2008
Page 5

      I have reviewed this letter, and I acknowledge and agree that it accurately sets forth the terms of my retention of Pepper Hamilton LLP in connection with the matter described above.

      _____
      Charles A. Bray

      Date: May ____, 2008

      I have reviewed this letter, and I acknowledge and agree that it accurately sets forth the terms of my retention of Pepper Hamilton LLP in connection with the matter described above.

      _____
      Joseph Gillespie

      Date: May ____, 2008