Jeffrey E. Glen, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, New York 10020
Tel: 212-278-1000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDERSON KILL & OLICK, P.C.,<br><br>       Plaintiff,<br><br>- against -<br><br>BRAY & GILLESPIE, INC.; BRAY & GILLESPIE MANAGEMENT, LLC; CHARLES A. BRAY and JOSEPH GILLESPIE,<br><br>       Defendants. | Index No.: 1:08-cv-4565 (AKH) (RLE)<br><br>Electronically Filed<br><br>**DECLARATION OF<br>JEFFREY E. GLEN** |

    1.  I am the attorney for Plaintiff in this action for counsel fees. I make this declaration in response to the motion of the law firm Pepper Hamilton LLP ("Pepper Hamilton"), counsel of record for the defendants herein, for an order granting Pepper Hamilton leave to withdraw as counsel for the defendants on the ground that defendants have failed to pay their bills to Pepper Hamilton as required by the retainer agreement between Pepper Hamilton and the defendants.

    2.  Plaintiff Anderson Kill & Olick P.C. ("AKO") seeks over $2 million in counsel fees due it for representation it provided to defendants in litigation arising out of the destruction of defendants' improved real property in the wake of several hurricanes. AKO has moved for partial summary judgment on an account stated for over $800 thousand of these fees.

3.      Briefly, AKO does not oppose the Pepper Hamilton motion, but respectfully requests that the pendency and granting of this motion not further delay defendants' obligation to reply to the pending motion for summary judgment so that AKO can receive in the near future an indisputable portion of the fees owed to it. Currently, defendants' papers responding to the partial summary judgment motion are due to be served and filed by September 29, 2008, as a result of this Court's granting of Pepper Hamilton's request made in conjunction with its motion for leave to withdraw.

4.      A short history is relevant to AKO's request that the motion for partial summary judgment be heard without further delay.

5.      AKO was retained by defendants in the spring of 2006 to sue a number of insurance companies under policies covering defendants' hotels for losses incident to three hurricanes. Shortly thereafter, the retention was expanded to include the defense of defendants in litigation brought by a construction company involved in dealing with the aftermath of the hurricanes.

6.      The retention resulted in a substantial amount of legal work being performed, and in March of 2007, AKO granted defendants a ten percent discount off of its standard time charges. Defendant Charles Bray accepted this reduction with gratitude, and wrote to AKO's lead partner on the engagement, Michael Lane, as follows:

> "Mike, I have received your letter of March 2, 2007, whereby, your firm has provided us %10 off all fees for all matters commencing January 1, 2007. I wanted to personally take this time to thank you for all the fine efforts of your firm, as

well as, yourself. We appreciate what you have done for us and we enjoy working with you and your fellow associates".

7. By the end of the summer of 2007, defendants were in substantial arrears on their fees to AKO. At that time, at the request of defendants, AKO agreed to defer $300 thousand of fees then owed through the end of February, 2008, on the condition that defendants make all other payments on a timely basis.

8. Defendants essentially stopped paying AKO by the end of 2007, after the $300 thousand deferral was agreed to. In my opinion, it is not coincidental that defendants stopped making payments around the time that a substantial number of AKO attorneys, including some working on defendants' cases, entered into discussions with the law firm Reed Smith LLP to leave AKO. In fact, several of these attorneys informed AKO, and perhaps defendants as well, in late December or early January that they were going to Reed Smith, and they actually left AKO on January 31, 2008.

9. Defendants continued to employ AKO in these cases through February and well into March of 2008. On March 28, 2008, defendants terminated AKO's representation, and retained Reed Smith on the very same cases. As of that date, over $1.5 million in fees and disbursements had been billed and were due and owing; an additional amount of approximately $550 thousand has since been billed for work through March 28, 2008, and is owing today.

10. AKO sued defendants in Supreme Court, New York County, for its fees and disbursements the next business day, March 31, 2008. Defendants began a program of prevarication, requested repeated extensions and then removed the action to Federal court. This resulted in further delays. Following removal, defendants,

through Pepper Hamilton, made two motions to dismiss, challenged the jurisdiction of this Court, and sought transfer of the action to the Middle District of Florida. The effect of this strategy has been to cause some five months to elapse and issue is not even joined.

11. As Pepper Hamilton notes in its moving papers, this is not the first time that defendants have "stiffed" their attorneys. See Declaration of M. Duncan Grant, at ¶2. It seems apparent that defendants are not legitimately interested in opposing the AKO claims, but rather in preventing AKO from obtaining the judgment to which it is entitled.

12. Specifically, there can be no honest and forthright opposition to the AKO motion for partial summary judgment. Harold Leuken, the General Counsel of defendants at the time that the AKO invoices at issue in the account stated claim were prepared and delivered, declares that he reviewed all these invoices, found them to be accurate, and approved them for payment. See Leuken Dec., submitted in support of the AKO motion for partial summary judgment, ¶¶ 19 and 20. To further delay entry of judgment on this motion is unfair, and to permit defendants to obtain a further delay through not paying yet another set of attorneys is unjust.

WHEREFORE I respectfully request that the motion of Pepper Hamilton for leave to withdraw be granted, and that defendants be ordered to reply to the outstanding AKO motion for partial summary judgment no later than September 29, 2008.

Pursuant to 28 U.S.C. §1746(2), I declare under penalty of perjury that the foregoing is true and correct. Executed on September 3, 2008.

_____
Jeffrey E. Glen, Esq.